THOMAS H. ALLEN ET AL. *v.* M. LEVY.

1. BILL OF EXCEPTIONS. *Time of presentation. Extension by court.*
   Under Code 1880, § 1718, a bill of exceptions to a judgment overruling a motion for a new trial must be presented to the judge during the term or within ten days afterwards ; and, if objection is made in the Supreme Court, a bill presented later will not be considered, although an order extending the time is on the minutes of the Circuit Court.

2. SAME. *Extension of time by agreement. How evidenced.*
   The parties by consent can extend the time for presenting the bill beyond ten days, and where no objection is made in the Supreme Court, the extension will be assumed to be by agreement, but if the point is raised, the consent to be binding must be evidenced by the record or the bill of exceptions.

3. SAME. *Presentation in time. Estoppel by conduct.*
   If the bill of exceptions is, within ten days after adjournment of the term, presented to the judge, who refers it to the appellee's counsel for suggestions, the latter after holding it longer than the statutory period, is estopped to deny that it was presented in time, and the bill, although signed after ten days, is valid.

4. LEVY OF EXECUTION. *Laches. Loss of lien.*
   A lien acquired by the levy of an execution on land is lost as against a subsequent *bona fide* purchaser without notice by waiting four years before selling.

APPEAL from the Circuit Court of Holmes County.

Hon. C. H. CAMPBELL, Judge.

Counsel for the appellee objecting to the bill of exceptions, this case was submitted and affirmed upon the ground that there was no error in the record.   The appellants then moved to set aside the affirmance, and reinstate the case upon the docket for hearing, and filed affidavits in support of their motion.

*Gwin & Noel*, for the motion.

*Frank Johnston* argued orally on the same side.

*H. S. Hooker, contra.*

*M. Green*, on the same side, made an oral argument.

CHALMERS, J., delivered the opinion of the court.

The order of the Circuit Court, granting thirty days in which to prepare a bill of exceptions to the action of the court in

overruling the motion for a new trial, unless the same was made by consent of parties, was a nullity. Section 1718 of the Code of 1880 requires that such bills of exceptions must be made out and presented to the judge during the term, or within ten days after adjournment, and the court has no power of its motion to grant a longer time. It can only be done by consent, and this consent must be embodied in the order granting the extension, or it must be certified to us in the bill of exceptions. We cannot hear extrinsic evidence on the subject, nor decide conflicts between counsel upon the question of consent. If a record is presented here which shows that the bill of exceptions was signed more than ten days after the adjournment, and no objection is here urged, we will assume that consent was given, but if the point is made, we cannot act on such assumption, and must enforce the statute as written.

It appears, however, by the affidavits filed, that notwithstanding the invalid order granting the extension of time to the appellants, the bill of exceptions was made out forthwith, and presented to the judge on the last day of the term, and by the judge referred to the counsel for appellee for inspection and suggestions. It was put in the hands of counsel for the appellee within three or four days after the adjournment (there is some conflict as to the exact day). He made no haste to examine and return it, doubtless acting on the assumption that the order granting thirty days was valid, and in consequence of this it was not signed by the judge until the twenty-eighth day after the adjournment. We think that under these circumstances the appellee is estopped to complain that it was not signed within ten days. The statute does not say that the signature of the judge must be affixed within ten days, but only that the bill shall be presented for his signature within that time, and must then be signed " promptly." Counsel for appellants did all that was required of him, in making out and presenting the bill within the time prescribed by the statute. It was an act of favor on the part of the judge to refer it to counsel for the appellee. He might have signed it without consulting counsel. This imposed on the latter the obligation to return the bill to the judge, or to counsel for the appellants,

with such promptitude that it might be perfected within the statutory period. Not having done so, he cannot be heard to object, in this court, to a delay produced by himself.

*Judgment of affirmance vacated and case reinstated.*

The case then proceeded to final hearing on the merits.

*Gwin & Noel*, for the appellants.

Executions cannot be used as mortgages, but unless enforced with reasonable diligence are postponed to subsequent purchasers and incumbrancers. *Davidson* v. *Waldron*, 31 Ill. 120; *Corlies* v. *Stanbridge*, 5 Rawle, 286; *Smith's Appeal*, 2 Penn. St. 331; *Freeburger's Appeal*, 40 Penn. St. 244; *Weir* v. *Hale*, 3 Watts & S. 285; *Price* v. *Shipps*, 16 Barb. 585. A plaintiff in execution, who neglects to use his power to compel a sale, subordinates his rights to those of third persons who act on the apparent ownership of the property. *Acton* v. *Knowles*, 14 Ohio St. 18; *Owens* v. *Patteson*, 6 B. Mon. 488; *Deposit Bank* v. *Berry*, 2 Bush, 236; *Bliss* v. *Ball*, 9 John. 132. The effect of such a proceeding is to defraud innocent purchasers, and the person in fault, even if equally innocent, should suffer the loss. Freeman on Executions, § 202.

*H. S. Hooker*, for the appellee.

The court will not declare the execution lien upon this land gone without any proof or suggestion that the delay was occasioned by the plaintiffs in execution, or that it was for fraudulent purposes, or with a corrupt intent, upon a misapplication of a principle relating to controversies between conflicting claimants of personal property. Herman on Executions, § 183.

*M. Green*, on the same side, filed a brief, but the record states that he withdrew it, after the decision.

CAMPBELL, C. J., delivered the opinion of the court.

Judgment was rendered by the Circuit Court of Holmes County, Oct. 28, 1876, in favor of Allen, trustee for M. Levy & Co., against four persons, of whom Baker was one. On Jan. 1, 1877, an execution was issued on this judgment, returnable the fourth Monday of March afterwards. This execution was returned, indorsed by the sheriff, as levied Feb. 7, 1877, on certain lands, which were described by numbers. On

Jan. 18, 1881, a *venditioni exponas* was issued, commanding the sheriff to sell the lands, and on March 7, 1881, they were sold under the *venditioni exponas*, and bought by M. Levy. The judgment was not enrolled on the "Judgment Roll." In July, 1877, Allen, Nugent & Co., a firm composed of Thomas H. Allen and others, took a deed of trust from Baker, conveying these lands to secure them for money advanced, and in February, 1879, the power of sale contained in the deed of trust was executed, and the beneficiaries bought the land, and it was conveyed to them. Levy brought ejectment, and Allen, Nugent & Co. defended. The foregoing facts, and no others, were shown on the trial, and judgment was given in favor of Levy.

The lien acquired by the execution was lost by the failure to take any step to sell the land until Jan. 18, 1881, and the supervening rights of Allen, Nugent & Co., by their dealings with Baker, with respect to the land, were superior to the claim of the judgment creditor, who delayed to enforce his rights under the levy of the execution for so long a time as to destroy the continuity of the lien, which might have been preserved by pursuing his rights with the diligence the law requires in such cases. From such delay, an abandonment of the levy is presumed in support of the claims of third persons. *Deposit Bank* v. *Berry*, 2 Bush, 236 ; *Owens* v. *Patteson*, 6 B. Mon. 488 ; Freeman on Executions, § 206.

*Judgment reversed and cause remanded.*