## J. W. ALBRECHT ET AL. *v.* THE STATE.

1. EVIDENCE. *Of issuance of liquor license. Contemporaneous entry.*

A contemporaneous entry of the issuance of a liquor license in a book kept for such entries by the sheriff, whose duty it is to issue such licenses, is competent original evidence of the issuance of the license in question.

2. COSTS. *In action on bond of liquor dealer. Whether informer to give security.*

Under chapter 39 of the Code of 1880, an action brought in the name of the State, to recover the penalty of a bond given by one licensed to retail vinous and spirituous liquors, because of breaches of the condition of the bond, is an action by the State, though it be upon information and be prosecuted by private counsel employed by the informer, and the latter is to receive half of the amount of the recovery; and in such case the informer cannot be required to give security for costs.

3. BILLS OF EXCEPTION. *Delay of trial on account of. Proper practice.*

It is not error for a circuit court to refuse to arrest the progress of a trial for the preparation, examination, and signing of bills of exception taken in the case. The proper practice is for the judge to examine such bills when presented if convenient, and then to sign the same if correct, but if perfecting them would seriously delay the administration of justice, the judge, after not-

ing and preserving the exceptions, should postpone the further consideration thereof to some future time during the term.

4. EVIDENCE. *In action on bond. Plea of "guilty" in criminal case. Admissibility and effect thereof.*

In an action for the recovery of the penalty of a bond for a breach of the conditions thereof, the record of a criminal case in which the defendant was indicted for, plead "guilty" of, and was adjudged to pay a fine for, the same act which is charged as a breach of his bond, is admissible in evidence against him, but is *primâ facie* only and not conclusive proof of the breach complained of; and it is competent for the defendant to show the circumstances in which his plea of "guilty" was made.

APPEAL from the Circuit Court of Hinds County.

HON. T. J. WHARTON, Judge.

This action was brought on the 1st of October, 1883, in the name of the State, upon the information of K. D. Chandler against J. W. Albrecht and his sureties, upon his bond as a licensed retailer of vinous and spirituous liquors in the city of Jackson, Hinds County, to recover the penalty of such bond on the ground, as alleged, that Albrecht had violated the conditions thereof by keeping open his bar and selling vinous and spirituous liquors on Sunday, the 1st day of July, 1883, and on divers other Sundays specified. The defendants filed pleas denying the alleged breaches of the bond sued on.

The defendants made a motion for an order requiring Chandler, the informer, to give security for the costs of the case. The motion was overruled.

At the trial the counsel for the plaintiff, after reading to the jury a notice duly served upon the defendant, Albrecht, to produce his license, introduced in evidence a book purporting to be " the record book of whisky privilege licenses " kept by the sheriff of Hinds County for the year 1883, which contained, among other entries, one showing the issuance of such a license on the 28th of March, 1883, to J. W. Albrecht, to be operative for the period of twelve months thereafter; and S. B. Thomas, the sheriff of that county, and W. J. Brown, his deputy, were introduced as witnesses to prove the purpose for which the book was kept and that the entry referred to was in the handwriting of the former except two words,

which were in the handwriting of the latter. The defendants objected to the admission in evidence of this book and the testimony relating thereto. The objection was overruled and they excepted.

The court admitted in evidence in behalf of the State and over the objection of the defendants, the record of a case in that court containing an indictment against J. W. Albrecht for unlawfully selling vinous and spirituous liquors on Sunday, the 1st day of July, 1883, a plea of "guilty" by the defendant, and the judgment of the court imposing a penalty for such violation of the law.

The defendants offered to prove by Albrecht and another witness the circumstances connected with his plea of "guilty" above referred to, but upon the objection of the plaintiff's counsel the court refused to permit such proof to be made, on the ground that the record in the case in which that plea was entered was conclusive evidence against the defendants in this case.

While the trial was progressing the counsel for the defendants "prepared and handed to the court bills of exceptions, and insisted that they should be inspected by the court, with the aid, if needed, of adverse counsel, and passed on and signed when presented, but the court held that it was not bound to stop to allow time to write a bill and was not bound to sign when presented, but could sign at any time during the term."

The court instructed the jury to find for the plaintiff, which they accordingly did, and upon their verdict the court rendered a judgment against the defendants for two thousand dollars, the amount of the penalty of the bond sued on. Thereupon the defendants appealed.

*D. Shelton,* for the appellants.

My position is that under the evidence given in this case and that offered by defendant, the record in the criminal case created no estoppel against any of the defendants, and therefore the court *should* have admitted the evidence offered, *should not* have instructed the jury to find for plaintiff.

A judgment by confession, by plea of guilty, or by *nolo contendere* for a misdemeanor is never an estoppel as to facts or evidence of

facts in a civil case, for in such cases the accused has the right to elect whether he will meet the risk and expense of litigation or leniency of the court if he make no contest.

Again, the record was not only no estoppel, but the court erred in permitting it to be read in evidence to the jury.

On its face it shows that no facts had been adjudicated by court or jury, but that the entry had its existence only by Albrecht's permission and not by adjudication of facts or law; that it was a criminal proceeding in which was not involved the liability of principal and sureties sought to be enforced in this case, but only a misdemeanor under the criminal statutes, punishable by a twenty-five dollar 'fine. The subject-matter was not the same, the judgment could not be the same, and the parties were not the same.

I think that the court's action in refusing to require Chandler to give security for costs was wrong. If Chandler failed, he *only* was liable for costs. The State is a merely nominal plaintiff, made so because the bond is payable to the State. The products of the suit were to be divided between Chandler and the County of Hinds, but the County of Hinds was no party to the suit, either as plaintiff or usee, but the State as a nominal party cannot be made liable for costs. Code of 1880, § 2367.

*J. A. Brown,* on the same side.

1. The informer should have been made to give a cost bond; and he should be charged with costs out of his half in event of recovery.

In the case of *Respublica* v. *Prior,* information against a justice of the peace for misbehavior in office, the court held that where a party moves for an information he must enter into recognizance for payment of costs, *aliter* "where the attorney general moves *officially.*" Costs are purely statutory. A person who brings a suit in the name of the overseers of the poor to recover penalty for violation of the excise statute may be required to give security for costs. *Overseers of the Poor* v. *Faudeier,* 29 Hun. (36 N. Y. S. C.) 193; *Board of Commissioners* v. *Cariater,* 62 How. 113.

2. Special bills of exception should be signed "*when tendered.*" Code 1880, §§ 1717 and 1718, contemplates that "tendered and

signed" shall be conjoint acts; the allowance of the term is to the exceptor to prepare and tender his bill. It has always been held, beginning with the first construction of the statute of Westminster, that the *note of the objection must be written out, settled, and allowed by the court at the instant the ruling is made and before any other step is taken in the trial.* 2 Bac. Abr. 116. This is the exception; it may be put in form [*i. e.*, a caption and conclusion attached] and signed afterward. See *Patterson* v. *Phillips*, 1 How. 572; *Green* v. *Robinson*, 3 How. 105; *Wilcox* v. *Mitchell*, 4 How. 272; *Carprew* v. *Canavan*, 4 How. 370; *Harris* v. *Planters' Bank*, 7 How. 346; *Muirhead* v. *Muirhead*, 8 S. & M. 211.

3. Broad as the *distinction* is between the admissibility of a judgment as a fact and as evidence of ulterior facts, the circuit judge here overlooked it and held this record a conclusive estoppel. 1 Greenl. Ev., §§ 538, 539. The extent of this record was that Albrecht pleaded guilty, not that he was guilty. 1 Greenl. Ev. 536.

A plea of guilty is never *admissible* against the defendant in a subsequent civil suit, because it may have been made to avoid expense. *Steel* v. *Cazeaux*, 13 Am. Dec. 288 and notes; *Commonwealth* v. *Elisha*, 3 Gray 460; 1 Starkie Ev. 216, 217, *218; 1 Greenl. Ev., § 537; 63 E. C. L. R. 1033, 1032; *Regina* v. *Moreau*, 63 E. C. L. R. 1033, 1034.

"No person can take advantage of a judgment if he would not have been prejudiced by it had it been otherwise." *Chandler's Appeal*, 100 Penna. St. 262. Both parties must be estopped or it cannot be set up against either. *McDonald* v. *Gregory*, 41 Iowa 513, 582. It is essential to an estoppel that it be mutual and also between the same parties. *Petrie* v. *Nuttall*, 11 Ex. 569.

4. An error was committed in the attempt to prove license to Albrecht by secondary evidence. The list prescribed in Code 1880, § 1120, is the only legal evidence. Nothing was established by the sheriff's memorandum-book, which was not even a book of original entries. This book was clearly incompetent.

*Calhoon & Green*, on the same side.

1. The record of the criminal case was not an estoppel against

either Albrecht or his sureties, in fact, it was not even competent evidence against any of them. 1 Greenl. Ev., § 537 ; *Petrie* v. *Nuttall*, 11 Exchequer Rep. 575 ; Wells on Res Adjudicata, § 420 ; *Betts* v. *New Hartford*, 25 Conn. 184.

More especially is this true where the judgment set up as an estoppel was on a plea of guilty. *Petrie* v. *Nuttall, supra ;* Viner's Abr. " Estoppel," f. 35.

The reasoning of these authorities and countless others which might be cited is that there is no mutuality, as the State is never estopped. Suppose Albrecht had been tried and *acquitted* of the criminal charge and the State had afterward sued him on his bond, who would pretend that he or his sureties could invoke this record of acquittal ? Well, if it is not evidence for him if he wins, it should not be evidence against him if he loses.

But he pleaded guilty and threw himself on the mercy of the court. The plea was for that case, and it ascertained no other fact than that Albrecht preferred to say he was guilty and pay the fine rather than incur the cost of a trial.

2. On reason it would seem that an informer should be required to give security for costs, otherwise any street corner loafer could ruin a millionaire by successive petty informations.

If there is no law authorizing the requirement, there is none against, and it is in the discretion of the court, and this discretion is revisable. Code, § 2386.

*S. S. Calhoon, J. A. Brown,* and *D. Shelton* also argued the case orally.

*L. Brame* and *H. H. Parker,* for the appellee.

As to the correctness of the ruling of the court in refusing to require security for costs, there can be no room for doubt. Opposing counsel seem to have forgotten that Chandler is not *usee,* in the sense in which the word is evidently used in Code, § 2367, but *relator,* or informer, who is rewarded for his service by receiving one-half of the amount recovered, which may reasonably be presumed to go in the first place to the State, which thus becomes the channel through which the one-half passes to the relator.

A *qui tam* action is an action brought to recover a penalty of which a part goes to the public and the balance is given to the informer. 1 Rapalje's Law Dict. 21, § 9; 3 Blackstone's Com. 161.

Security for costs is never required in such actions, for to do so would frequently render the laws inoperative. See opinion of Baron Bayley in *Gregory* v. *Eldridge,* 2 Compton & Meeson's R. 335.

Code, § 2367, providing that the usee may be required to pay or secure the costs, has no application.

It is against public policy to allow Albrecht and his sureties to come in at this late day and attack collaterally a judgment rendered in 1883 on his plea of guilty. He cannot now repudiate that plea.

Under the case of *Webbs* v. *The State,* 4 Coldwell (Tenn.) 199, the judgment against him on the indictment is evidence against his sureties in a civil action upon his bond; and upon the principles decided in the following cases it is *conclusive* against them, viz.: *Stovall* v. *Banks,* 10 Wall. (U. S.) 583; *Baker* v. *Preston,* Gilmer (Va.) 235; *State* v. *Grammer,* 29 Ind. 530.

Counsel for defendants state it as an established fact that an estoppel cannot prevail against the State. This is a mistake, as will be seen by reference to Bigelow on Estoppel, 3d ed., 278, and the cases cited in note 5, in which the author dismisses the subject by saying: " A State may of course be estopped by a judgment." So there is *mutuality* in the estoppel set up in this case.

Between the statutes and the decided cases the practice in regard to the signing of bills of exceptions is well settled in this State, and it is sufficient on this point to quote the language of the Supreme Court of the United States in *Turner* v. *Yates,* 16 How. 14, quoted with approval by the Supreme Court of Mississippi in *V. & M. R. R.* v. *Ragsdale,* 51 Miss. 462:

" The convenient dispatch of business, in most cases, does not allow the preparation and signature of bills of exceptions during the progress of a trial." Of course, the exceptions must be taken at the time, but that is all that is necessary, and the merely ministerial act of signing the bill of exceptions may be performed sub-

sequently.  The opinion of the court in *V. & M. R. R.* v. *Ragsdale,* *supra,* contains a review of the principal authorities on this subject.

*L. Brame* and *H. H. Parker* also made oral arguments.

ARNOLD, J., delivered the opinion of the court.

Several of the errors assigned are so connected with others that the consideration of a few of them will dispose of the whole.

It is not perceived that there is any merit in the objection made to the testimony of the witnesses Thomas and Brown, and to the book or record of liquor licenses kept by Thomas as sheriff.  The entries in the book were made in the discharge of official duty on the day of the date of the bond sued on, and the book was competent original evidence of the transaction to which it referred.  1 Greenl. Ev., §§ 115–116.

The court properly overruled the motion made by the appellants to require the informer, Chandler, to give security for cost.  The bond sued on was payable to the State, the action was in the name of the State, and necessarily so under the statute, and it was to all intents and purposes an action prosecuted by the State, and the disposition to be made of the penalty, if recovered, and the facts that the State proceeded upon information, and that the suit was brought by private counsel, as the statute provides it may be, or by counsel associated with the district attorney, did not change the parties or the character of the proceeding.  Code, §§ 1104, 1111.  Section 2366 of the code provides that in no case shall the State be required to give security for cost.

The record does not show that the court erred in refusing to arrest the progress of the trial for the examination or preparation of special bills of exception.  The statute requires that bills of exception to any ruling of the court before the jury retire from the box must be tendered and signed during the trial or during the term of the court.  Such bills signed after the expiration of the term, like a general bill of exception to overruling a motion for a new trial not presented to the judge during the term or within ten days after the end of the term, would, unless consented to by the parties, be *nullities.*  *Allen* v. *Levy,* 59 Miss. 613.  If a special

bill of exception is tendered during the trial of the cause in which it is taken and the facts are therein truly stated, it should be then and there signed by the judge; but if, when tendered, it is found to be incorrect, or if the preparation of the bill should produce such delay as to seriously obstruct the administration of justice, the exceptions should be noted or preserved in such manner and with such certainty that there would be no difficulty in understanding exactly what the exceptions and rulings of the court were, when reducing it to form, afterward during the term. We concur in the view expressed by the Supreme Court of the United States that the convenient dispatch of business in most cases does not allow the preparation and signature of bills of exceptions during the progress of a trial. Their requisite certainty and accuracy can hardly be secured if any considerable delay afterward be permitted. *Turner et al.* v. *Yates,* 16 How. 14–29.

The court erred in holding that the record of the indictment and conviction of Albrecht was conclusive as an estoppel against him and the sureties on his bond. As a general rule a verdict and judgment in a criminal case, though admissible to establish the fact of the mere rendition of the judgment, cannot be given in evidence in a civil action to establish the truth of the facts on which it was rendered. 1 Greenl. Ev., § 537; 2 Taylor on Ev., § 1693; 2 Whart. Ev., § 776; Freeman on Judgments, § 319. A person convicted of any offense is not estopped by the conviction from disputing the facts upon which it is based in a civil action, because his adversary in the civil action would not have been barred if the prosecution had terminated in acquittal. Freeman on Judgments, § 319. But a record of conviction in a criminal case upon a *plea of guilty* is admissible in a civil action involving the same subject-matter, not as a conclusive judgment against the party, but as an admission or confession of the facts. 1 Greenl. Ev., § 527, a; 2 Taylor on Ev., § 1694; 2 Whart. Ev., §§ 783, 838. When a person's plea of guilty is used as evidence against him, it is always competent for him to show the circumstances under which it was made. Its being made in a court does not deprive him of this right. It is essential even to a judicial confession that it

should be made of the free will of the party and with full and perfect knowledge of its nature and consequences. 1 Greenl. Ev., § 216.

It appears that the conviction of Albrecht was upon a plea of guilty, and the record thereof was admissible, but it was only *primâ facie* evidence against him and his sureties. *Webb* v. *The State,* 4 Coldwell 199.

*Reversed.*