CATO v. CHRYSTAL ICE CO.

[67 South. 155.]

1. BILL OF EXCEPTIONS. *Time for signing by judge. Failure of stenographer. Appeal and error. Presumption.*

Under paragraph "D" of chapter III, Laws 1910, providing that if the official stenographer fails to file the transcript in the time limited by law, appellant shall have forty days thereafter to prepare and present a bill of exceptions, as if there had been no stenographer, and the judge shall sign it in the time in which the stenographer had for filing the transcript. Since signing in such time would be a physicial impossibility, the only limit for signing is that prescribed by section 796, Code 1906, where there is no stenographer that is "Promptly."

2. APPEAL AND ERROR. *Presumption. Time of presenting bill of exceptions.*

When the record discloses that a bill of exceptions was filed with the circuit clerk before it was approved by the judge, but does not disclose when it was presented to the judge, the presumption is that it was presented to him within the time allowed by law.

APPEAL from the circuit court of Lincoln county.
HON. D. M. MILLER, Judge.

Suit by A. C. Cato against the Chrystal Ice Company. Motion to strike bill of exceptions from the record.

The facts are fully stated in the opinion of the court.

*J. H. Sumrall,* for the motion.

*H. V. Wall* and *J. W. McNair,* opposed.

SMITH, C. J., delivered the opinion of the court.

This cause comes on to be heard on motion of appellee "to strike from the record herein the bill of exceptions," for the reason that "said bill of exceptions was not signed and approved by the trial judge within the time allowed by law."

It appears from the record that the stenographer who took down the evidence in the court below was notified on the 11th day of February, 1913, that a transcript thereof was desired. On the 2d day of April thereafter, the judge before whom the cause was tried granted this stenographer "an extension of sixty days from April 6, 1913, . . . . . . in which to transcribe and file the testimony." Afterwards, the stenographer lost his notes, and therefore was unable to transcribe the same. On the 14th day of July, 1913, counsel for appellant filed with the clerk of the circuit court a bill of exceptions prepared "as if there had not been a stenographer" in the case. This bill of exceptions was approved and signed by the trial judge on the 16th day of July, 1913, forty-one days after the expiration of the extension of time granted the stenographer within which to file a transcript of the evidence.

Paragraph "d" of chapter 111, Laws of 1910 (page 95, L. 1910), provides that:

"In case of the death of the stenographer before filing a copy of his notes of the evidence and proceedings in any case, or of his failure to 'file the same within sixty days after notice served upon him by appellant, or within any extended time, the party taking the appeal may, within forty days after the forty, sixty, ninety, or other extended time, prepare and present to the judge a bill of exceptions in the case as if there had not been a stenographer therein, and the judge shall examine, correct if necessary and sign the same within the time prescribed, sixty or ninety days after the end of the term or within the extended time aforesaid."

It seems clear from this statute that an appellant has forty days within which to "prepare and present to the judge a bill of exceptions in the case, as if there had not been a stenographer therein," after the expiration of the time within which the stenographer, either by operation of law or by virtue of an order of extension, must file his transcript; that is to say, forty days after the expiration of this time, within which to prepare and present to the judge a bill of exceptions prepared in accordance with section 796 of the Code. The legislature seems also to have intended by this statute to limit the time within which the trial judge could approve and sign such a bill of exceptions; but the language in which this intention is couched renders it impossible for it to be put into effect, for the requirement is that he examine and sign it "within the time prescribed, sixty or ninety days after the end of the term, or within the extended time aforesaid," the clear meaning of which is that he must approve and sign it within the time allowed the stenographer to file the transcript of his original notes, and until this time has expired, and the stenographer has failed to file such a transcript, a bill of exceptions of the character here

in question cannot be tendered. This being true, it is physically impossible for this provision of the statute to be complied with; consequently, the only limitation upon the power of the judge to approve and sign such a bill of exceptions, if any such limitation in fact there be, is that prescribed in section 796 of the Code, which is, not that he must do so within any definitely prescribed time, as was pointed out in *Allen* v. *Levy*, 59 Miss. 613, but that he must do so "promptly."

This record discloses that this bill of exceptions was filed with the circuit clerk before it was approved by the trial judge, but it does not disclose when it was presented to the judge. Since he approved and signed it, however, in the absence of evidence to the contrary, we must presume that it was presented to him within the time allowed by law; in other words, we must presume that he discharged his duty in the matter, and therefore did not approve and sign a bill of exceptions tendered to him after the expiration of the time provided by law for so doing.

*Overruled.*