METROPOLITAN CASUALTY INS. CO. OF NEW YORK *v.* SULLIVAN.

[75 South. 370, Division A.]

1. APPEAL AND ERROR. *Stenographer's notes. Order extending time. Validity. Statute.*

Under chapter 111, Laws 1910, section 797, par. D. the trial judge has the power to extend the time within which a stenographer may file a transcript of the evidence sixty days in addition to the original sixty days allowed him therefor by the statute, and an order granting an extension of more than sixty additional days

was valid to the extent of the additional sixty days which the judge had the power to grant.

2. Same.

The statute also provides that in case the stenographer failed to file a transcript the appellant should have forty days after the expiration of the sixty days allowed the stenographer by law or after the expiration of any extension of time lawfully granted, in which to prepare and present to the judge a bill of exceptions in the case as if there had been no stenographer therefor, and in such case as an order granting the stenographer more than sixty days additional was valid to the extent of sixty days additional time, a bill of exceptions filed within forty days after such sixty days additional time complied with the statute, and would prevent the bill of exceptions from being stricken from the record.

Appeal from the circuit court of Simpson county.

Hon. W. H. Hughes, Judge.

Suit between the Metropolitan Casualty Insurance Company of New York and J. B. Sullivan, on motion to strike bill of exceptions.

The facts are fully stated in the opinion of the court.

*Brown & Anderson* and *J. E. Holmes,* for appellant.

*Whitfield & Whitfield,* for appellee.

Smith, C. J., delivered the opinion of the court.

The evidence in this cause was taken down by a stenographer, but before he transcribed his notes they were stolen and were never recovered. Notice to transcribe his notes was served on the stenographer on the 2d day of October, 1916, and on the 29th of November, following, he was granted by the trial judge ninety days from that date within which to file a transcript of his notes, but, as these notes were lost, this transcript was never made. On the 9th day of February, 1917, the circuit judge approved a memorandum of the evidence prepared and filed with him by counsel for appellant. The cause

now comes on to be heard on motion of appellee to strike this document from the record, which document his counsel admit to be a bill of exceptions, of the character to be filed in cases wherein the evidence was not taken down by an official stenographer, but claim that it was filed after the expiration of the time allowed therefor.

Under chapter 111, Laws of 1910, section 797, par. "d," p. 95, the trial judge has the power to extend the time within which a stenographer may file a transcript of the evidence sixty days in addition to the original sixty days allowed him therefor by the statute, and while in the case at bar the extension of time granted the stenographer was for more than sixty additional days, the order was not void, but valid to the extent of the additional time which the judge had the power to grant, to wit, sixty days, which, added to the sixty days originally allowed the stenographer by the statute, gave him one hundred and twenty days from October 2, 1916, within which to file a transcript of the evidence. This statute also provides that, in case the stenographer fails to file a transcript of the evidence, the appellant shall have forty days after the expiration of the sixty days allowed the stenographer by law, or after the expiration of any extension of time, which may have been lawfully granted the stenographer by the trial judge, in which to "prepare and present to the judge the bill of exceptions in the case as if there had been no stenographer therefor." In the case at bar a bill of exceptions, which we are by this motion requested to strike from the record, was not only presented to, but was also approved by, the trial judge within forty days after the expiration of the sixty days' additional time obtained from him by the stenographer. Consequently the statute was complied with (*Cato* v. *Crystal Ice Co.,* 108 Miss. 667, 67 So. 155), and the motion must be, and is, overruled.

*Overruled.*