14785

GLOBE & RUTGERS FIRE INS. CO. v. FOIL

(200 S. E., 97)

92

*Messrs. Odom, Bostick & Taylor,* for appellant,

*Messrs. Carlisle, Brown & Carlisle,* for respondent,

December 9, 1938.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

The respondent alleges that on August 29, 1929, it insured against theft in the sum of twelve hundred dollars, a Chrysler sedan automobile, motor number 259584, owned by Arthur J. Roussel, of New Orleans, Louisiana. In October of the same year, the automobile was stolen and taken to Spartanburg, South Carolina, by the thief, who there sold it to R. E. Foil, the appellant, who is an automobile dealer. The sale of the automobile was made to Foil on November 25, 1929, for $650.00 and two days thereafter he sold it to a customer for $1,350.

The respondent discharged its liability under the policy by paying the insurance to Roussel and Commercial Credit

Company,—the latter holding a mortgage over the car at the time it was stolen. The respondent then instituted this action, in May, 1932, to recover damages from the appellant by reason of the conversion of the automobile. In his answer, the appellant denied the material allegations of the complaint, except that the automobile came into his posession. Other defenses were pleaded, but they are not material on this appeal. From an adverse judgment, the appellant brings the case to this Court upon several specifications of error.

Over the objection of the appellant, the respondent was permitted to introduce in evidence, as an admission, the record of a criminal prosecution of the appellant in the United States Court for the Western District of South Carolina at Spartanburg, wherein the indictment charged that on or about November 25, 1929, "he feloniously, knowingly, and willfully did receive, conceal, and store a certain motor vehicle,—to wit: one Chrysler Sedan, Motor Number 259584, then and there moving in Interstate Commerce, to wit: from the city of New Orleans, in the State of Louisiana, to the city of Spartanburg, in the State of South Carolina; he, the said R. E. Foil, at the time he received, concealed, and stored said motor vehicle, knowing the same to have been stolen." This indictment charged the same offense in two other counts, with reference to a Buick sedan, on April 22, 1930, and a Nash coupe, on September 6, 1930. Upon this indictment, the appellant entered a plea of guilty, on February 16, 1932, and on the same day was sentenced.

Over the objection of the appellant, the respondent also introduced in evidence for the same purpose, the record of another criminal prosecution against the appellant, wherein he pleaded guilty on the same day and in the same Court to an indictment charging him and Ray B. Curlee, the person who stole the car, with unlawfully conspiring to violate the National Motor Vehicle Theft Act, 18 U. S. C. A., § 408, and that in pursuance of the said conspiracy

Curlee transported the Chrysler sedan in question, the property of Arthur J. Roussel, from New Orleans to the city of Spartanburg, and that the appellant here, R. E. Foil, did receive, conceal, and store the said Chrysler sedan, knowing the same to have been stolen, and did sell the same to one L. L. McKinney. Upon his plea of guilty, entered upon this indictment, he was duly sentenced.

The appellant contends that the introduction of these records was inadmissible and incompetent in a civil action.

The appellant denied in this case that he knew the Chrysler sedan had been stolen when he purchased it from Curlee. The sole value of these criminal records was to show an admission contrary to that contention.

In Freeman, Judgments (4 ed.), Sec. 319, the rule and reason for the introduction of such evidence is thus stated: "So a judgment of conviction founded upon a plea of guilty may be received in a civil action as an admission by the defendant of the facts confessed by his plea; but this is manifestly only a mode of proving such admission, and cannot be regarded as estopping the defendant from showing that notwithstanding such confession and conviction he was not guilty."

To the same effect it is said in Black, Judgments (3d ed.), Sec. 529: "If the defendant in a criminal prosecution pleads 'guilty,' the record of such prosecution and plea may be used as evidence against him in a subsequent civil action involving the same subject-matter as tending to prove the act or fact on which the indictment was framed. But since it is not the criminal judgment, but the plea, or rather the fact of his having so pleaded, that thus becomes evidence, it is not conclusive upon him. It is receivable as admission or confession, but it may be controverted, and must be weighed by the jury."

In *Albrecht v. State*, 62 Miss., 516, it was said: "A record of conviction in a criminal case upon a plea of guilty is admissible in a civil action involving the same subject-

matter, not as a conclusive judgment against the party, but as an admission or confession of the facts. 1 Greenl. Ev., § 527, a; 2 Taylor on Ev., § 1694; 2 Whart. Ev., §§ 783, 838. When a person's plea of guilty is used as evidence against him, it is always competent for him to show the circumstances under which it was made. Its being made in a Court does not deprive him of this right. It is essential even to a judicial confession that it should be made of the free will of the party and with full and perfect knowledge of its nature and consequences."

While it is well settled that a conviction in a criminal ■ prosecution is not an audjudication binding the defendant in a subsequent civil action based on the same facts (See 15 R. C. L., Judgments, page 1000), a plea of guilty is an admission of the matters alleged in the indictment and the judgment entered thereon is admissible in a civil action involving the same issues as proof of that admission. *Spain v. Oregon-Washington Railroad & Navigation Company*, 78 Or., 355, 153 P., 470, Ann. Cas., 1917E, 1104. And see annotated note following the report of this case in Ann. Cas. 1917E, 1109.

For instance, the principle is well established that in an action for damages for assault and battery, the plaintiff may prove that the defendant pleaded guilty in the criminal prosecution for the same assault. *Eno v. Brown,* 1 Root. Conn., 528; *Hendle v. Geiler,* Del., 50 A., 632; *Young v. Copple,* 52 Ill. App., 547; *Rudolph v. Landwerlen,* 92 Ind., 34; *Hamm v. Romine,* 98 Ind., 77; *Root v. Sturdivant,* 70 Iowa, 55, 29 N. W., 802; *Crawford v. Bergen,* 91 Iowa, 675, 60 N. W., 205; *Hauser v. Griffin,* 102 Iowa, 215, 71 N. W., 223; *Corwin v. Walton,* 18 Mo., 71, 59 Am. Dec., 285; *Green v. Bedell,* 48 N. H., 456; *Clark v. Irvin,* 9 Ohio, 131; *Birchard v. Booth,* 4 Wis., 67.

The American decisions concur in holding that a ■ judgment on a plea of guilty when introduced in a subsequent civil action involving the same subject-

matter is to be regarded merely as an admission, subject to explanation or rebuttal by the person charged thereby. *Schreiner v. High Court, etc.,* 35 Ill. App., 576; *Rudoph v. Landwerlen, supra; Crawford v. Bergen, supra; Albrecht v. State, supra.,* 4 Am. Jur., Sec. 156, page 199.

Therefore, the appellant's plea admitting guilt of ■ receiving the Chrysler automobile which he knew had been stolen, and of disposing of it, is like any other admission of the kind, inconclusive, but subject to contradiction or explanation, when proved against him in. the civil proceeding.

The record in this case shows that he was permitted to fully explain the circumstances under which he made the plea, and the jury had the benefit of the explanation. He denied knowledge of the theft and said that he pleaded guilty upon advice of counsel.

In our opinion, the records were properly admitted.

The point is made that the lower Court erred in ■ permitting the introduction in evidence of so much of the indictment as charged similar offenses involving the Buick sedan and the Nash coupe, and the appellant's plea of guilt. It is contended that the admission of this evidence was prejudicial. We are of the opinion that this evidence was relevant and pertinent. *Sun Ins. Office Limited v. Foil,* 187 S. C., 183, 197 S. E., 683, 10 R. C. L., 938, Secs. 105, 106; *Jones on Evidence* (2d ed.), Sec. 142, 161.

But aside from this, wo do not think, from a con- ■ sideration of the whole record, that the admission of the evidence was of such a prejudicial nature as would warrant a new trial. There are numerous decisions to the effect that the admission of incompetent or irrelevant testimony after objection thereto will not be sufficient ground for setting aside a verdict, unless it appears or may be reasonably inferred that the evidence has prejudiced the complaining party. Accordingly it has been held that a new trial will not be granted when the verdict is amply sustained

by other competent evidence. *20 R. C. L.*, 265, Sec. 47. To us, it is satisfactorily evident that the result would have been the same even if this challenged testimony had not been admitted. There is no reasonable ground upon which to base the belief that the jury was misled or confused.

The appellant complains because the Court admitted in evidence what was called a specimen copy of the insurance policy issued by the respondent to Mr. Roussel, the owner of the Chrysler sedan. Error is assigned on the ground that the writing introduced was not a copy of the original. It was not contended that the specimen policy which was introduced in evidence was a copy or a duplicate of the original. It was shown that the original certificate was lost or destroyed, and the specimen copy was introduced mainly for the purpose of getting before the Court and the jury its printed provisions with reference to theft insurance, subrogation, etc., which provisions were, according to the testimony, identical with those appearing in the original policy. The testimony otherwise showed to whom the policy was issued and the amount of the insurance. It was also proved beyond question that the amount of insurance, to wit, $1,200.00 had actually been paid to Mr. Roussel, the owner of the car, and to Commercial Credit Company, the mortgagee, and that such payment was made upon proof of loss,—that the car had been stolen. We think that the secondary evidence so offered was properly received. *W. C. Beaty & Co. v. Southern Rwy. Co.*, 80 S. C., 527, 61 S. E., 1006.

It is urged by the appellant that the Court erred in overruling his motion for nonsuit and directed verdict. These motions were based on the alleged entire absence of proof that the respondent had any title or right to the possession of the Chrysler sedan claimed to have been converted, at the time the alleged conversion took place. The motions were overruled by the trial Judge upon the ground that the respondent was subrogated to the rights of the insured, and as such was empowered to bring the action for conversion.

In our opinion the exceptions raising this question are without merit.

An insured, after paying a loss incurred by the insured, is subrogated to all the rights of the assured, against the person whose tortious act has caused the loss. *Mobile Ins Co. v. Columbia & G. R. Co.,* 41 S. C., 408, 19 S. E., 858, 44 Am. St. Rep., 725. And an action may be brought by the insurer against the third person causing the loss without taking an assignment of the owner's claim or being formally subrogated to his rights; and it is immaterial whether such right of subrogation was stipulated in the contract or not. *Pelzer Mfg. Co. v. Sun Fire Office of London,* 36 S. C., 213, 15 S. E., 562.

The doctrine of subrogation in insurance does not primarily arise from, nor is it dependent upon statute, or any of the terms of the contract. It has its origin in general principles of equity, and the nature of the contract of insurance. In fact, it would be applied or not according to the dictates of equity and good conscience, and considerations of public policy, resting, as it does, upon the maxim that no one should be enriched by another's loss. As a general rule, therefore, applicable to insurance and indemnity contracts of all kinds, the insurer, on paying to the insured the amount of the loss of the property insured, is subrogated in a corresponding amount to the insurer's right of action against any other person responsible for the loss. *Rawls v. American Central Ins. Co.,* 97 S. C., 189, 81 S. E., 505, Couch on Insurance, Sec. 1997.

Where the tortious conduct of a third person is the cause of a loss covered by an insurance policy, the insurer, upon payment of the loss, becomes subrogated *pro tanto* by operation of law to whatever rights the insured may have against the wrongdoer. *Rivers v. Liberty Nat. Bank,* 135 S. C., 107, 133 S. E., 210; *Sumter Trust Company v. Sumter County,* 136 S. C., 15, 134 S. E., 209.

■ That the doctrine of subrogation goes to the extent of giving the insurer who has paid the insurance the benefit of the rights and remedies of the insured against a third person whose tortious act has occasioned the loss, is asserted by eminent text writers and sustained by the authority of many decided cases.

This being true, there can be no merit in the contention that the respondent was not well within its rights in bringing this action, it having been legally subrogated to the remedies possessed by the insured, Roussel.

■ It is also said by the appellant that the respondent in his complaint declared upon an assignment of the right, title and interest of Roussel in the Chrysler automobile, whereas the proof showed, if it showed anything, a case of subrogation. And it is suggested that the respondent is bound by his pleading, and cannot recover upon the principle of subrogation, which was not pleaded.

We think that the complaint is sufficiently broad in its allegations to state a cause of action based on rights acquired by subrogation, since it states the necessary elements of the rights of subrogation, which are: "(1) That the party claiming it has paid the debt; (2) that he was not a volunteer, but had a direct interest in the discharge of the debt or lien; (3) that he was secondarily liable for the debt or for the discharge of the lien: (4) that no injustice will be done to the other party by the allowance of the equity." *Dunn v. Chapman,* 149 S. C., 163, 146 S. E., 818, 820; *Watson v. Fowler,* 165 S. C., 288, 163 S. E., 640.

These elements were sufficiently pleaded in the complaint.

Judgment affirmed.

Mr. Chief Justice Stabler and Messrs. Justices Bonham and Baker concur.

Mr. Justice Carter did not participate on account of illness.