FLORA MOQUIN *vs.* FRANK KALICKA.

Hampden.    September 26, 1923. — February 25, 1924.

Present: RUGG, C.J., BRALEY, DECOURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Agency*, Existence of relation. *Motor Vehicle*, Driver's employment by owner. *Evidence*, Competency, Presumptions and burden of proof, Of agency.

Where, at the trial of an action for personal injuries received when the plaintiff was run into upon a public way by a motor truck alleged to have been driven by an agent of the defendant, the question, whether the driver of the truck was an agent of the defendant acting within the scope of his

employment, was an issue and the only evidence upon that issue was testimony by the defendant and by the driver which tended only to show that no such authority existed, a finding that such authority existed was not warranted, and a verdict for the defendant properly was ordered.

At the trial of an action for personal injuries, received when the plaintiff was run into by a motor truck of the defendant, where recovery by the plaintiff depended upon proof that the driver of the truck was employed by the defendant and was acting within the scope of his employment, the mere facts, that the defendant owned the truck and that at about the time of the accident the driver had been seen delivering a package from the truck and had the defendant's license in his possession, are not enough to warrant findings that the driver was employed by the defendant and was acting within the scope of his employment.

TORT for personal injuries received by a traveler on a public way who was run into by a motor truck owned by the defendant and alleged to have been driven negligently by the defendant's agent. Writ dated January 31, 1921.

In the Superior Court, the action was tried before *King,* J. Material evidence is described in the opinion. At the close of the evidence, the judge ordered a verdict for the defendant and reported the case for determination by this court, the parties agreeing that, if there was evidence warranting the submission of the action to the jury, judgment was to be entered for the plaintiff in the sum of $600; otherwise, judgment was to be entered for the defendant upon the verdict.

The case was submitted on briefs in September, 1923, to *Rugg,* C.J., *Braley, DeCourcy, Pierce, & Carroll,* JJ. and afterwards was submitted on briefs to all the then Justices. excepting *Wait,* J.

*N. P. Avery, A. S. Gaylord & R. L. Davenport,* for the plaintiff.

*A. L. Green & F. F. Bennett,* for the defendant.

CARROLL, J. This is an action for injuries received by the plaintiff, as the result of being struck by an automobile truck, owned by the defendant and driven by his brother, Benjamin Kalicka. The question to be decided is, Was there any evidence for the jury that the defendant was responsible for the operation of the truck by his brother?

Benjamin Kalicka testified that he lived with the defendant; that without the latter's knowledge he took the truck

from the garage; that "he was on his way to collect some money which was due to him personally " when the collision occurred; that he had no operator's license and when asked to show his license he took " the . . . [defendant's] license, which was in the automobile, and exhibited that." The defendant testified that he did not give his brother permission to use the truck at the time of the accident or at " any other time." There was evidence that Benjamin Kalicka within " one half hour or forty-five minutes of the accident " was seen " delivering a package from this truck, which was done up apparently in brown wrapping paper." One witness testified that Benjamin told him at the time of the accident that he (Benjamin) was wearing the defendant's overcoat and had his brother's registration and license.

There was nothing in the evidence to show that the driver was in the employment of the defendant, nor that he was his servant or agent. If the evidence of the defendant and the driver were believed, the truck was operated without the knowledge of the defendant by one who had no authority to operate it and who was not the agent of the defendant. If this evidence were not believed, there was no testimony showing that the driver was the servant of the defendant or his agent. Mere ownership of an automobile is not sufficient to prove that it was engaged in the owner's business or was in the control of his agent. *Trombley* v. *Stevens-Duryea Co.* 206 Mass. 516. *Canavan* v. *Giblin*, 232 Mass. 297. *Haskell* v. *Albiani*, 245 Mass. 233.

The fact that the driver was seen delivering a package from the truck about the time of the accident and had the owner's license in his possession, is not enough to show that he was engaged in the defendant's business or that the truck was under the defendant's control.

As there was no evidence warranting the submission of the case to the jury, judgment is to be entered for the defendant upon the verdict.

*So ordered.*