Joseph Arnold *vs.* Archibald G. Brereton.

Hampden.    September 22, 1927. — November 22, 1927.

Present: Braley, Crosby, Pierce, Carroll, & Wait, JJ.

*Agency,* Scope of employment. *Negligence,* Motor vehicle, In use of highway.

At the trial of an action of tort for damage to an automobile of the plaintiff, alleged to have been run into by a truck of the defendant driven by his employee, there was evidence, which was controverted, that the driver of the truck had left the defendant's place of business to deliver a desk; that he turned into the street where the collision occurred either to park the truck or to obtain gasoline, there being a gasoline station on the street; that it was customary for trucks bearing the defendant's name to be parked at that station; that from time to time the defendant had obtained or authorized the obtaining of gasoline there; that after the collision the driver could not start the truck; that he went to the

station, procured gasoline and poured it into the truck's tank; and that the motor then started. *Held,* that there was evidence that the driver was acting within the scope of his authority.

At the trial of the action above described, there was evidence that the plaintiff, entering the street where the collision occurred, was obliged to stop because of cars parked on both sides of the street and an approaching automobile; that the surface of the street was icy; that the defendant's truck, entering the street and going "fast," started to pass the plaintiff's automobile on its left when the driver put on brakes and attempted to stop behind the plaintiff's automobile until the approaching automobile could pass; and that the truck then skidded and caused the collision. *Held,* that a finding that the defendant's driver was negligent was warranted.

TORT for damage to an automobile caused in a collision with a truck owned by the defendant and alleged to have been driven by his employee. Writ in the District Court of Springfield dated March 18, 1926.

Evidence before the trial judge is stated in the opinion. The judge found for the plaintiff in the sum of $47 and a report was established under Rule 30 of the District Courts. The report was ordered dismissed by the Appellate Division of the Western District. The defendant appealed.

The case was submitted on briefs.

*W. H. Martin,* for the defendant.

*H. E. Allen, W. W. Yerrall, & R. S. Bellows,* for the plaintiff.

PIERCE, J. The case is before this court on the appeal of the defendant from an order, "Report Dismissed," of the Appellate Division for the Western District. The action is one of tort to recover for damage to the plaintiff's automobile, caused by the negligent operation of the defendant's automobile by his servant while engaged in his business. After a hearing before a special justice of the District Court of Springfield, the report was established by the presiding justice of the Appellate Division under Rule 30 of the District Courts. At the close of the evidence, the special justice refused to rule: "1. Upon all the evidence the plaintiff is not entitled to recover, and finding should be for the defendant." "5. The plaintiff was negligent and not in the exercise of due care." The request numbered five is not argued and is taken to be waived.

Disregarding the evidence for the defendant, and regarding the evidence in its aspect most favorable to the contention of the plaintiff, the facts disclosed in the report are in substance as follows: About noon on February 23, 1926, the plaintiff drove an Essex sedan car from Main Street, Springfield, west into Bliss Street, and proceeded down Bliss Street a distance of about fifty feet to a point about twenty feet east of the Bliss Street gasoline station. There were trucks parked on both sides of the street, which was icy and slippery. An automobile was coming in the opposite direction, making it impossible for the plaintiff to continue in the direction he was travelling until this automobile had passed the parked trucks, as the free space was not of sufficient width to allow two automobiles to pass. "The plaintiff had been stopped in his position about fifteen seconds waiting for the approaching automobile to pass when the defendant's Ford truck operated by the defendant's servant, one Carrington, turned into Bliss Street from Main Street travelling fast." The truck was about to pass on the left hand side of the plaintiff's automobile when Carrington put on his brakes and attempted to pull the truck to the side and to stop behind the plaintiff's car until the approaching automobile passed; "the truck skidded or slipped on the ice in the road into the left rear end of the plaintiff's car," causing the damage sought to be recovered in this action.

There was further evidence tending to show that at the time of the collision the defendant's servant was engaged in prosecuting the business of the defendant and was acting within the scope of his employment in driving the truck into Bliss Street, either to park it near the Bliss Street gasoline station or to obtain gasoline for it at the station; that it was customary for trucks bearing the defendant's name to be parked at the aforesaid location; that from time to time the defendant obtained or authorized the obtaining of gas for use by his trucks at the Bliss Street gasoline station; that Carrington at some time prior to the accident had been at the defendant's office on William Street, which is six streets south of Bliss Street, and was there instructed to take the Ford truck to an address on Buckingham Street where he

was to get a desk to be delivered by him to the Third National Bank Building on Main Street; that after receiving such instruction he had left the defendant's office with the truck; that immediately after the accident he was unable to start the truck; that he went to the gasoline station, procured gasoline and carried it back to the truck, poured it into the tank and then started the motor.

There was evidence for the defendant which would have warranted a finding that the automobile was proceeding at the rate of five or six miles an hour at the time the brakes were put on and the car skidded. There was also evidence for the defendant to the effect that Carrington was not engaged in the business of the defendant when he entered Bliss Street.

Of course it is true, as the defendant contends, that the plaintiff was bound to prove that at the time of the accident Carrington was engaged in and about the business of his master; and that such service cannot be found to have been active at that time from the mere fact that he was in the general employment of the defendant as driver of the truck which the defendant owned. *Porcino* v. *Stefano,* 243 Mass. 398. *Moquin* v. *Kalicka,* 247 Mass. 476, 478. The evidence for the plaintiff, however, warranted a finding that Carrington, while engaged in work which fell within the scope of his employment, was compelled in the performance of such work to procure gasoline for the automobile; that he entered Bliss Street in obedience to that impulsion; and that the defendant had authorized his drivers to obtain gas at the garage on Bliss Street for the use of his trucks. *Lowe* v. *Antonelli,* 245 Mass. 237.

The mere fact that an automobile skids or slips in the road is not evidence of negligence *Lambert* v. *Eastern Massachusetts Street Railway,* 240 Mass. 495, 499. But in the case at bar there was the further evidence that the street was icy and slippery, that the passage over the way was blocked by an approaching automobile, and that the speed of the car was "fast." From such combined facts it could have been reasonably found that the defendant's servant should have known that the application of the brakes at that time would

be likely to cause the truck to skid or slip; and that the servant in the circumstances was negligent in driving the truck into Bliss Street in the manner disclosed by the evidence.

*Order dismissing report affirmed.*