[Civ. No. 9245. Second Appellate District, Division One.—June 14, 1935.]

SAM OLIPHANT et al., Appellants, v. LEWIS BROWN, Respondent.

Stuart McHaffie for Appellants.

Harry D. Parker and White McGee, Jr., for Respondent.

SHINN, J., *pro tem.*—In this action by husband and wife for personal injuries to the wife, a pedestrian, struck by an automobile, the verdict and judgment were in defendant's favor and plaintiffs appeal.

Plaintiff Annie Oliphant while crossing the street was struck by defendant's automobile. She sustained injuries consisting of concussion of the brain, a broken left clavicle, and a broken right leg below the knee. Upon this appeal plaintiffs rely for reversal of the judgment upon alleged errors in the refusal of an instruction requested by plaintiffs and the giving of an instruction of the court's own motion.

The instruction given and claimed to be erroneous was a general instruction on negligence, contributory negligence and proximate cause. It was lengthy and is conceded to have correctly stated the law except in a single particular. It read in part as follows: "In order, therefore, to find a verdict for the plaintiff you must not only find from a preponderance of all the evidence that the defendant was negligent but also that such negligence was the proximate cause of the injury to the plaintiff; and you must further find that the evidence fails to show by a preponderance

thereof that the plaintiff was guilty of negligence contributing proximately thereto; otherwise your verdict must be for the defendant.'' The instruction referred, of course, to Annie Oliphant, whom we shall speak of as the plaintiff. It is contended that by this instruction the burden of proof was placed upon the plaintiff to show that she was not guilty of contributory negligence. The instruction, however, is not the same as the ones held erroneous in *Rush* v. *Lagomarsino*, 196 Cal. 308 [237 Pac. 1066], and *Howard* v. *Worthington*, 50 Cal. App. 556 [195 Pac. 709], cited by appellant. The burden of proof was not shifted by the instruction in question; plaintiff was left free to recover unless her contributory negligence was established by a preponderance of the evidence. (*Wagy* v. *Brave*, 133 Cal. App. 413 [24 Pac. (2d) 209].)

Plaintiff requested an instruction which quoted, in part, section 131½ of the California Vehicle Act, to the effect that vehicular traffic must yield the right of way to a pedestrian crossing the roadway within any marked crosswalk or any unmarked crosswalk at the end of a block. The court declined to give this instruction and gave none on the subject of right of way. Respondent contends that the instruction was properly refused because it did not go further and state that a pedestrian crossing the roadway at other places must yield the right of way to the drivers of vehicles. We do not agree with this view. Plaintiff's evidence showed that she was crossing the street in a crosswalk, and she therefore had a right to have the jury instructed upon the assumption that her testimony and that of her witnesses would be believed. The instruction was complete for this purpose. Defendant's witnesses testified that plaintiff was not in the crosswalk, and defendant had the right to have the jury instructed accordingly. The fact that defendant failed to request such an instruction cannot deprive plaintiff of the right to have the jury instructed according to her theory of the case and her evidence.

Upon exceedingly contradictory testimony the jury was required to determine the question of defendant's negligence, and if that were resolved against defendant, to determine the question of the contributory negligence of plaintiff Annie Oliphant. A finding that defendant was not guilty of negligence would have been supported by the evidence.

Findings that defendant was negligent and that plaintiff, Mrs. Oliphant, was guilty of contributory negligence would have been supported by sufficient evidence. There was also sufficient evidence to support findings that defendant was guilty of negligence and plaintiff was not guilty of contributory negligence. It is not easy to say from the printed record that the preponderance of evidence was upon the side of either party upon either of these issues of negligence. There are no facts shown, independently of the credibility of the witness or witnesses testifying thereto, which can be accepted as a refutation of any of the testimony given in the case. The evidence, therefore, points the way plausibly to several opposing conclusions. The jury may have believed, as defendant and his passenger testified, that Mrs. Oliphant ran into the side of defendant's slowly moving car. If such was the basis of the verdict, it would carry with it a clear inference that defendant was guilty of no negligence, or, if the contrary were believed, that Mrs. Oliphant was guilty of contributory negligence. The jury may have believed defendant to have been negligent in driving at an excessive speed and that Mrs. Oliphant was also negligent in failing to use the care in crossing the street that the circumstances required. Again, the jury may have believed that defendant was not driving at an excessive speed, but that he approached the intersection and crossed it without giving proper heed to the safety of pedestrians who might be crossing the street. Any one of these conclusions of fact would support a verdict and would find abundant support in the evidence, but we cannot say which one the jury adopted. Plaintiff's right of way had an important bearing upon the issues of negligence and contributory negligence. For these reasons we conclude that the case of appellants is one fully meeting the requirements of article VI, section 4½, of the Constitution. We are strengthened in this view by the fact that the court gave an instruction, the first sentence of which reads as follows: "This is not a case occurring in a marked crosswalk." By this instruction the jury was told, inferentially, that plaintiff's rights would have been greater had she been crossing in a marked crosswalk. It also might have been inferred that the rights of plaintiff and defendant were equal, or even that the defendant, as the driver of the vehicle, had a right which was superior to that of pedestrians.

 Respondent insists that we should hold plaintiff Annie Oliphant to be guilty of contributory negligence as a matter of law. This we clearly cannot do. The question was one for the jury. (*Burgesser* v. *Bullock's*, 190 Cal. 673 [214 Pac. 649]; *Filson* v. *Balkins*, 206 Cal. 209 [273 Pac. 578]; *Maggart* v. *Bell*, 116 Cal. App. 306 [2 Pac. (2d) 516].) As we have already stated, there was sufficient evidence, if believed, to warrant a finding that Mrs. Oliphant was not guilty of contributory negligence.

The judgment is reversed.

Conrey, P. J., and York, J., concurred.