IRVING ROSENBLATT & another, administrators, *vs.* ELIOT
H. PERCY.

Middlesex.    April 6, 1943. — May 24, 1943.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Evidence*, Admissions and confessions, Of criminal proceedings. *Practice,
Civil*, Charge to jury; Exceptions: whether error harmful. *Error,*
Whether harmful.

Evidence was competent at the trial of an action based on negligent
operation of an automobile that the defendant, shown by the plaintiff
to have pleaded guilty to a criminal charge of negligently operating
the automobile so as to endanger the public, had so pleaded in order
to save time and expense and in the expectation of being sentenced to
pay a small fine.

If there was technical error in referring, in substantially correct instruc-
tions to the jury as to the standard of care required of a defendant in
operating an automobile, to only one of two pertinent sections of the
statutes instead of to both, such error was not prejudicial to the
plaintiff.

TORT for the death of the plaintiffs' intestate.   Writ in
the District Court of Marlborough dated February 10, 1936.

Upon removal to the Superior Court, the case was tried
before *Brown*, J.   In this court it was submitted on briefs.

*J. P. Driscoll*, for the plaintiffs.

*J. T. Hargraves*, for the defendant.

QUA, J.   The plaintiffs' intestate, while walking across
Concord Street in Framingham on December 31, 1935, was
struck and killed by an automobile driven by the defend-
ant.   The jury found for the plaintiffs for $500, being the
minimum amount recoverable for death under G. L. (Ter.
Ed.) c. 229, § 5, before the amendment of that section by
St. 1941, c. 504, § 3.   The plaintiffs, feeling aggrieved that
the verdict was not larger, press their exceptions to the ad-
mission of certain evidence and to a part of the charge.

1. The plaintiffs introduced, as an admission by the de-
fendant, evidence that the defendant had pleaded guilty in
a District Court to a complaint charging him with having

driven negligently on the occasion of the accident, so that the lives or safety of the public might be endangered. Thereupon the defendant was allowed to testify to a discussion at the trial in the District Court in which the judge, the chief of police, the defendant's attorney, and the defendant all took part, and which resulted in the defendant deciding to plead guilty to save his own time and further expense and in the expectation of being sentenced to pay a small fine. The evidence was competent. Where a plea of guilty is introduced as an admission it may be met by evidence of reasons for so pleading which will tend to show the plea to have been consistent with actual innocence. *Minasian* v. *Aetna Life Ins. Co.* 295 Mass. 1, 2, 3. *Morrissey* v. *Powell,* 304 Mass. 268, 269. Some of the discussion in the District Court may have been prejudicial to the plaintiffs at the trial of this case, but all of it might be found to have had a bearing on the defendant's reasons for pleading guilty.

2. In the course of his charge the judge instructed the jury as to the interpretation of that sentence of G. L. (Ter. Ed.) c. 90, § 14, which reads, "Upon approaching a pedestrian who is upon the traveled part of any way and not upon a sidewalk, every person operating a motor vehicle shall slow down." Under the familiar rule prevailing in this Commonwealth, violation of this statute by the defendant would be evidence of negligence and would bear upon the degree of the defendant's culpability under the death statute. The judge mentioned the fact that § 14 does not prescribe any speed to which the driver shall "slow down" and then said that "As far as this particular provision is concerned, if you are going at seventy and you slow to sixty, you observe the law." If this had been all the judge said, we might have difficulty in sustaining a construction of the statute so literal as to leave it practically meaningless. But this was not all the judge said. He told the jury in the same connection that "there is the general command that at all times you shall operate your car at a reasonable and proper speed." G. L. (Ter. Ed.) c. 90, § 17. In this way he gave to the jury, in effect, the

interpretation required to put vitality into the provisions of § 14. He gave to the jury a standard of the defendant's duty as favorable in substance to the plaintiffs as the plaintiffs were entitled to have. If there was technical error in deriving this standard from § 17 alone instead of from §§ 14 and 17 taken together (see *Sadak* v. *Tucker*, 310 Mass. 153, 157), we cannot believe that such error was prejudicial. We cannot believe that a jury of practical laymen who have been correctly instructed as to the defendant's duty would be influenced by the consideration that it originated in one section of the statutes instead of in another or in the two taken together.

*Exceptions overruled.*