Pettingell, P. J.
The plaintiff was operating an automobile on Summer Street, Danvers, in February 1943. As he was proceeding, Summer Street ahead of him was upgrade to a crest. The- roadway was covered with hard-packed snow -and was very .slippery and icy; on either side of the road .there was a snow bank several feet 'high. There was room in the roadway for two cars, or a car ¡and a truck, to pass. As the plaintiff .drove up the hill he observed a heavy truck coming over the crest of the bill toward him in the middle of the highway. The plaintiff pulled his vehicle into the snow bank on his right and came to a full *2 stop. The truck swerved as it started down the incline and started to skid, continuing in a skid until its impact with the plaintiff’s vehicle. As the truck came down the hill it occupied the entire space between the snow banks from left to right, the front end of the truck being on ¡the plaintiff’s left and the rear end to his right; its impact with the plaintiff’s car knocked that vehicle back fifteen feet, and telescoped its left front end. After the impact it was necessary to jack up the rear end of the truck to dislodge the ■plaintiff’s vehicle. Summer Street throughout its entire length had a seven per cent grade.
At the close of the plaintiff’s case, the defendant rested and filed the following request for a ruling:
“There is no evidence to warrant a finding for the plaintiff as there is no evidence of negligence on -the part of the defendant, its agent or servant.”
The trial judge denied the defendant’s request and found for the plaintiff.
The sole issue is whether there is any evidence which would warrant a finding that the defendant was negligent.
The defendant’s contention is that the case under consideration is merely a .skidding case and that mere .skidding of automobile is not evidence of negligence.
In Levin v. Twin Tanners, Inc., Mass. Adv. Sh. (1945) 371, the Supreme Judicial Court passed on a similar •situation. On a day when “It was raining -and freezing and the roads were glare ice and very slippery” the plaintiff went out to m'ove his car off the street. There were snow banks and parked cars on both sides of the street so- 'there was room for only one vehicle at a time to pass. The driver of the defendant’s truck attempted to pass down the hill without chains, the truck skidded, and struck the- plaintiff who was standing in the street beside an automobile, asking *3 •the operator of that-ear to move his oar so that the.plaintiff could move his-.
At page 373, the court -said:
“The defendant relies- upon the- familiar rule that skidding of itself is- not evidence of negligence-. Williams v. Holbrook, 216 Mass. 239. Kelleher v. Newburyport, 227 Mass. 462, 464. Mazmainian v. Kuken, 285 Mass. 516, 518. Goyette v. Amor, 294 Mass. 355. Sherwood v. Radovsky, 317 Mass. 307. But it is equally well settled that .skidding may be caused or accompanied by negligence upon.which liability may be predicated. Loftus v. Pelletier, 223 Mass. 63. Lambert v. Eastern Massachusetts Street Railway, 240 Mass. 495, 499. Arnold v. Brereton, 261 Mass. 238, 241-242. Hiller v. Desautels, 269 Mass. 437. Hennessey v. Moynihan, 272 Mass. 165. In the present case there was evidence that under especially slippery conditions, -of which he was well aware, in- advance, the- defendant’s- driver, deciding to take the risk, turned from ASbom Street down grade through the narrow ice covered passage in Pierpont Street without chains, although he saw the plaintiff and the mail truck driver -standing talking in the street about one hundred twenty-eight feet away; and that after skidding ninety feet he .struck -the plaintiff -at a speed of fifteen to twenty miles an hour. The jury were not obliged to accept the driver’s- judgment as to the value of chains- in the conditions shown. Weight has been attached to the absence of chains- in •other cases. Lonergan v. American Railway Express Co., 250 Mass. 35. Goyette v. Amor, 294 Mass. 355, 357. Brown v. Daley, 273 Mass. 432, 435. Spain v. Oikemus, 278 Mass. 544. Herman v. Radofsky, 301 Mass. 534, 537. There was evidence -that the driver violated G. L. (Ter. Ed.) C. 290, section 14, by not slowing down to a -speed reasonable under the circumstances for -opproaching a pedestrian who- was upon the- travelled part of the way. Rosenblatt v. Percy, 313 Mass. 757, 758, 759. In our opinion there was evidence for the jury of negligence of defendant’s driver.”
It was inferable from the conditions of the snow on Summer Street before the defendant’s truck reached the place *4 where the -accident happened that the? condition -o£ snow •that existed there existed generally in Danvers-, -and that therefore the driver of the defendant’s truck was “well aware in advance” of the conditions to be fo-und ahead of him on Summer Street where the -accident happened. Although there is a scarcity of evidence as to the grade of Summer Street beyond the crest before the- plaintiff, it is apparent that as the driver of the defendant’s truck approached the crest of the hill ahead of him his- view of the down grade he was approaching was obstructed- by the crest of the hill. This is true whether he was then on an upgrade or on a level. In either event he could not see what was on the down grade before he was actually on the crest of the hill. G. L. (Ter. Ed.) C. 89, Section 4, requires the operator of a motor vehicle to keep to right of the middle of the travelled part of the way where there is not an unobstructed view for at least one hundred yards. G. L. (Ter. Ed.) C. 90, Section 17, provides that an operator of a motor vehicle shall not run it at a speed greater than is reasonable and proper,'having regard to traffic and the use of the way and the safety of -the public.
As has been pointed out the driver of the defendant’s truck came over the crest of the hill aware of the1 conditions ahead of him. The plaintiff was in Ms full sight as the plaintiff drove Ms car into the snow bank and came to a stop. What then was the duty of.the defendant? It was at least to get over to the right of the centre of the travelled way. It might be argued effectively that under the particular conditions existing it was to stop- ¡and to give the plaintiff an opportunity to resume his ascent of the MIL It may have been an act of negligence for the. driver of the defendant’s truck, under the existing conditions-, to start down the hill at all. Arnold v. Brereton, 261 Mass. 238, at 242.
*5 The driver of the truck started down the hill without delay. The question of his -speed as he came- down becomes -of importance. There was- no testimony in terms- as what that speed wa-s. There was, however, a collision the details of which furnish some evidence regarding the speed at which the truck was travelling when it hit the plaintiff’s oar. Barrett v. Checker Taxi Co., 263 Mass. 252, at 254. Brown v. Daley, 273 Mass. 432, at 435, 436. Meaney v. Doyle, 276 Mass. 218, at 220. Jackson v. Anthony, 282 Mass. 540, 544. Smith v. Hogan, 282 Mass. 573, at 574. Lenehan. v. Travers, 288 Mass. 156, at 159. Curtin v. Benjamin, 305 Mass. 489, at 492. From the damage sustained by the plaintiff’s automobile the trial judge could infer 'that the defendant’s truck was being driven at an unreasonable rate of speed under the circumstances of the case as it began the descent of the hill. Whether or not its speed was accelerated by the -skidding of the- truck was- a question of fact. It could not be ruled as matter of law that it was. Driving at an unreasonable speed i>s evidence of negligence; Adamian v. Messerlian, 292 Mass. 275, at 276; and may be found to be the proximate cause of the plaintiff’s damage, Hennessey v. Moynihan, 272 Mass. 165, at 167, 168.
The -only essential difference between the instant case and Levin v. Twin Tanners, Inc., supra, is that it appears in the latter case that the skidding automobile was without chains', while in the case before us it does not appear whether the defendant’s truck had chains or not. Cars with chains, however, may skid, Goyette v. Amor, 294 Mass. 355, at 356, and the absence of evidence in this particular is not decisive.
In- view of the fact that an inference was- permissible from the evidence that the defendant’s truck was- being operated at a rate of -speed which was a. violation of G. L. (Ter. Ed.) C. 90, Section 17, there was evidence of negligence on the part of the defendant’s employee. Rosenblatt *6 v. Percy, 313 Mass. 757, at 758-759. See also, Sadak v. Tucker, 310 Mass. 153, at 156.
The finding for the plaintiff was warranted in view of •the absence of any explanation from the defendant that the accident was not caused toy the negligence of 'his agent. He chose not to offer any evidence and to rest on the plaintiff’s evidence. When as here an inference of (evidence is permissible, it is the right of the defendant to offer an explanation which demonstrates that the accident happened from some cause other than his negligence. This means, “an explanation, either binding at law upon the adversary party, or satisfactory .to the fact finding tribunal as overcoming the inference otherwise permissible, or as counter poising other evidence of a nature contrary to the explanation.” Washburn v. R. F. Owens Co., 258 Mass. 446, at 450. The absence of any explanation leaves the permissible inference the determining- factor.
The existence here of a permissible inference differentiates the present case from Porcino v. De Stefano, 243 Mass. 398, at 401, which held that no explanation was required for the reason that no case adversely effecting the defendant’s rights or interest had been shown by the plaintiff.
There was no prejudicial error in the denial of the defendant’s requested ruling. The report is to be dismissed.