Eno, J.
By this action of tort, the plaintiff seeks to recover for property damage to his automobile alleged to have been caused by the defendant’s negligence. The answer is a general denial and a plea of contributory negligence.
The facts from the report may be summarized as follows: The plaintiff was operating his automobile in a line of heavy traffic on MacGrath Highway, in Somerville, on January 24,1948, at about 3:30 P. M. The defendant was following him in his automobile. For a distance of about 100 feet, both were going between 8 to 10 miles per hour, each stopping 3 or 4 times for traffic in that distance of one hundred feet; that at one moment, the plaintiff came to a full stop and five minutes later the front of the defendant’s automobile hit the rear of the plaintiff’s automobile. At that time it was snowing hard and the road was slippery. There was further evidence that when the plaintiff’s automobile stopped, the defendant immediately applied his brakes, but did not succeed in stopping his automobile until it hit the plaintiff’s.
*22 At the close of the trial, the defendant filed the following request for rulings, all of which were denied:
“4. The evidence does not warrant a finding that the defendant was negligent. 5. The evidence warrants a finding that the plaintiff was not in the exercise of due care. 6. The evidence warrants a finding that the defendant was not contributorily negligent. 7. The evidence- warrants a finding that the plaintiff is not entitled to recover. 8. The evidence warrants a finding for the defendant. 9. On all of the evidence the plaintiff is not entitled to a finding in his favor.”
The court made the following findings of facts:
“I find as a fact that the plaintiff’s car was stopped at the time of the accident and the plaintiff was in the exercise of due care. I further find that the defendant was negligent in the operation of his automobile resulting in the damages to the plaintiff’s automobile. I further find as a fact that the estimated damages to the car was excessive.”
We think that this case is governed by McKeague v. Henry Jenkins Transportation Co., Inc., 1948 Mass. Adv. Sheets, 1601, in which the Court said: “While the occurrence of skidding in and of itself is not evidence of negligence, skidding accompanied by other evidence of road and traffic conditions apparent to the operator of a motor vehicle and his conduct in relation to the same may indicate negligent operation of such vehicle. Lonergan v. American Railway Express Co., 250 Mass. 30; Arnold v. Brereton, 261 Mass. 238; Hennessey v. Moynihan, 272 Mass. 165; Spain v. Oikemus, 278 Mass. 544; Levin v. Twin Tanners, Inc., 318 Mass. 13, 15, and cases cited.
Here there was evidence that the plaintiff was stopped five minutes before the collision.
*23 A finding of fact was permissible, as in the McKeague case, that the defendant was operating his automobile at a higher rate of speed than was estimated by witnesses. Further, since the plaintiff was stopped five minutes before the collision, had the defendant not been negligent, he could have stopped his automobile in time to avoid the collision.
His conduct in the prevailing condition of the roadway could be found by the trial judge to be negligent.
The trial judge made a finding for the plaintiff and a finding of facts. These “are to stand if warranted in law upon any possible view of the evidence.” Moss v. Old Colony Trust Co., 246 Mass. 139,143; Coe v. Ware, 271 Mass. 570,
573, 574.
We cannot say that he was wrong. The findings of fact make the requests immaterial. The report is to be dismissed.