[Civ. No. 4931.   Fourth Dist.   May 23, 1955.]

NERSES ODIAN et al., Appellants, v. AXEL PETER
HABERNICHT, Respondent.

John D. Chinello and Leo Koligian for Appellants.

Stammer, McKnight & Barnum for Respondent.

BARNARD, P. J.—This is an action for damages arising from an automobile collision. The defendant's answer denied negligence on his part and alleged contributory negligence. A jury returned a verdict in favor of the defendant and the plaintiffs have appealed from the judgment.

The collision occurred at 3 p. m. on November 28, 1952, at the intersection of Jensen and Clovis Avenues at the outskirts of Fresno, this being a clear day. Jensen Avenue runs east and west, and Clovis Avenue north and south. The paved portion of Jensen was 30 feet wide and the paved portion of Clovis 24 feet wide. Jensen Avenue is a through highway protected by stop signs, one of which was at the northwest corner of the intersection about 25 feet north of the paved portion of Jensen Avenue. The northwest corner of this intersection was unobstructed for a distance of 100 feet north of· the intersection. Beyond that point there was a row of olive trees on the west side of Clovis Avenue.

· At the time in question the plaintiff Nerses Odian was driving a Dodge in an easterly direction on Jensen, accompanied by his wife, and the defendant was driving a Ford in a southerly direction on Clovis Avenue. The two automobiles collided at a point 3 feet east of the west line, and 9 feet north of the south line, of the intersection. The left front of the plaintiffs' car struck the right front side of the defendant's car. The plaintiffs' car left skid marks 42 feet in length leading up to the point of impact. Mrs. Odian fainted at the time of the accident and had no recollection as to what happened.

The defendant testified that he approached this intersection at a speed of 40 to 45 miles per hour; that he began to reduce his speed when 200 feet north of the intersection; that he stopped at the stop sign near the northwest corner of the intersection and looked to his right and left for traffic; that he looked about 200 feet down Jensen, to his right; that he saw no cars approaching from either his right or left; that after stopping and looking he shifted into low gear and proceeded into the intersection; that he remained in low gear all the way and the highest speed he attained was about 5 miles per hour; and that he never saw the plaintiffs' car until the collision occurred.

The plaintiff Nerses Odian testified that he approached

the intersection at a speed of about 45 miles per hour; that he could not remember whether he slowed down before applying his brakes, just before the collision; that when he was about 400 feet west of the intersection he saw the defendant's car just south of the olive trees and approaching the intersection at a speed of 40 miles per hour; that he had a clear and unobstructed view of the defendant's car; that he assumed that the Ford would stop at the stop sign, and he "had no, any interest in that car which was coming at the time"; that he then looked to the south for traffic; that when he again looked to the north the Ford had entered the intersection and was north of the center line of Jensen Avenue; that he immediately applied his brakes; that his brakes were in good condition, and traveling at 40 to 45 miles per hour he could have stopped his car in 100 feet; and that he did not see the defendant's car near the stop sign and did not know whether or not the defendant had stopped before entering the intersection.

No contention is made that the evidence is not sufficient to support the verdict. Negligence on the part of the defendant rather clearly appears, and it seems equally clear that the evidence was sufficient to support a factual finding of contributory negligence. The defendant did not see the plaintiffs' car prior to the collision and the only evidence of contributory negligence came from the plaintiff driver and his own witness, the highway patrol officer. It thus appears that the plaintiff driver approached this intersection at a speed of 40 to 45 miles per hour; that when he was 400 feet away he saw the defendant's car within 100 feet of the intersection and traveling at a speed of about 40 miles an hour; that he paid no further attention to that car and looked and continued to look in the opposite direction; that although the defendant's car was in plain sight at all times he did not look at it again until he saw it in the intersection; that he was then so close to the intersection that he was unable to avoid colliding with the other car when that car was over halfway through the intersection; and that he could have avoided the accident had he again looked toward the other car a second or two sooner. ▆ Appellant's main contention is that the court gave two erroneous instructions which were prejudicial "on the vital issue of contributory negligence." These instructions read as follows:

"Contributory negligence means negligence on the part of the plaintiffs which proximately contributed to the accident

and to their own injuries and damages. In this connection, you are instructed that *before the plaintiffs can recover in this action, it must appear that their injuries and damages were proximately caused by negligence on the part of the defendant, unmixed with any negligence on the part of Nerses Odian* proximately contributing thereto, and if negligence on the part of the plaintiff Nerses Odian contributed in any manner or in any degree, however slight, directly and proximately to the plaintiffs' injuries and damages, then there can be no recovery on their part and your verdict must be for the defendant. (Italics ours.)

"In determining whether or not the plaintiff Nerses Odian was guilty of contributory negligence, you should not compare his conduct with any conduct on the part of the defendant to determine who was the most negligent or whose conduct contributed the most or in the greater degree to the accident. Contributory negligence on the part of the plaintiff Nerses Odian in any degree, however slight, bars the recovery of both the plaintiffs; and if you find that the plaintiff Nerses Odian was negligent and that such negligence did proximately contribute in some degree to the accident, your verdict must be for the defendant, regardless of any conduct on the part of the defendant, and regardless of however slight may have been the degree of such contributory negligence."

It is first argued that the italicized portion of the first of these instructions had the effect of shifting the burden of proving contributory negligence from the defendant to the plaintiffs, and that this must be held to be reversible error under the holding in *Lopez* v. *Knight,* 121 Cal.App.2d 387 [263 P.2d 452]. In that case, where similar language was criticized, it also appeared that the trial judge had in effect instructed a verdict for the defendant if the doctrine of last clear chance were not applied, had refused to instruct upon the presumption of due care, and had refused to instruct the jury that the burden of proving contributory negligence was upon the defendant.

In the case before us, the portion of the instruction thus complained of did not purport to relate to the burden of proof, which was covered in another instruction. While it was stated that certain facts must appear nothing was said therein about "preponderance of the evidence," "satisfactory evidence" or "burden of proof." Immediately following the two instructions thus complained of the court gave another

short instruction on contributory negligence, and then gave, at the request of the plaintiffs, the following instruction:

"In this case the defendant alleges in his answer that plaintiffs, Nerses Odian and Arousiag Odian, were guilty of contributory negligence. Contributory negligence is an affirmative defense in this state and the burden of proof in support of this defense rests upon the defendant in this case. Before you can find that plaintiffs, Nerses Odian and Arousiag Odian, or either of them, were guilty of contributory negligence, you must find that a preponderance of all the evidence in the case establishes two things: first, that plaintiff, Nerses Odian was himself negligent; second, that the negligence of said plaintiff, if you find that he was negligent, was a proximate cause of the collision complained of and of the injuries, if any. If the defendant fails to prove either of these things, then this entire defense fails." (The court then fully defined contributory negligence in language of which no complaint is made.)

The jury was thus clearly, and at length, told that the burden of proving contributory negligence rested upon the defendant and that this issue must be determined upon the evidence presented in the case. Under the instructions as a whole it cannot reasonably be held that the portion complained of was sufficiently confusing or misleading to have in any manner affected the result. (*Thomas* v. *Irvin,* 96 Cal.App.2d 816 [216 P.2d 476]; *Oliphant* v. *Brown,* 7 Cal. App.2d 584 [46 P.2d 790]; *Wells* v. *Lloyd,* 21 Cal.2d 452 [132 P.2d 471].)

It is further contended that the latter part of the first instruction, as above quoted, and the second instruction above quoted improperly told the jury that any "degree of negligence, however slight, prevents recovery by a plaintiff, instead of properly telling the jury that it is the negligence contributing proximately, no matter how slight to the injury that prevents recovery." In both of these instructions any reference to contributory negligence "in any degree, however slight," was tied up in the same sentence to language showing that it must be negligence which contributed proximately to the accident. The instructions, as a whole, were a correct statement of the law in this regard and it cannot be held that small portions thereof could have misled the jury or that they had any prejudicial effect. (*Conner* v. *Southern Pac. Co.,* 38 Cal.2d 633 [241 P.2d 535]; *Kettman* v. *Levine,* 115 Cal.App.2d 844 [253 P.2d 102].)

The plaintiffs introduced evidence that the defendant had been charged in the municipal court with a violation of section 552 of the Vehicle Code in that he had failed to stop at this intersection on this occasion; that he had pleaded guilty to that charge; and that he was fined $7.50, which he paid. In his testimony in this case, upon redirect examination, the defendant was permitted, over the objection of the plaintiffs, to explain the reason why he had pleaded guilty to that charge. His explanation was that he was not able to go into court and hire a lawyer, and that in view of the loss of time that would be involved he figured that the small fine levied on him was the only way he could handle it. At the request of the plaintiffs the court gave an instruction giving the language of section 552 of the Vehicle Code, and then telling the jury that if it found from the evidence that the defendant conducted himself in violation of this section such conduct constituted negligence as a matter of law. Also, at the request of the defendant, the court gave this instruction:

"The mere fact that the defendant Axel Peter Habernicht was charged with, and pleaded guilty to a violation of Section 552 of the Vehicle Code, pertaining to right of way, does not mean that the defendant is liable in this case. There may be a great difference between a plea of guilty to a traffic violation and an admission of liability for civil damages; and in determining whether there is civil liability, you must consider all the facts surrounding the plea of guilty, including the nature of the charge and of the plea, the defendant's explanation, if any, of why he entered the plea, the effect of the plea under the rules of civil liability as given to you in these instructions, and all of the other evidence introduced in this case on all of the various defenses offered by the defendant."

The appellants contend that it was reversible error for the court to permit the respondent to thus explain his plea of guilty and to give this instruction permitting the jury to consider this explanation. It is argued that the respondent's plea of guilty to violating section 552 was a judicial admission that he negligently usurped the appellants' right of way at this intersection; that no explanation of the plea was admissible unless it was one that had accompanied the original plea of guilty; that to permit an explanation several months afterward allowed the respondent to "concoct" a reason he then deemed fitting to serve his interest; and that the error was increased by the court's instruction which

permitted the jury to consider evidence of the respondent's poverty in appraising his plea of guilty.

■ The evidence that respondent had entered such a plea of guilty was admissible and was an admission against interest. It was admitted as an admission against interest and. not as a judgment establishing the fact. (*Vaughn* v. *Jonas,* 31 Cal.2d 586 [191 P.2d 432].) As was said in that case, "it tended to some extent to support plaintiff's charges; its weight and significance under the circumstances were for the jury to determine." The fact that the explanation was made some months after the plea had been entered would go to the weight of the evidence, but would not affect its admissibility. An explanation at the time of the trial, under circumstances not too dissimilar, has been permitted. (*Brooks* v. *E. J. Willig Truck Transp. Co.,* 40 Cal.2d 669 [255 P.2d 802] ; *Vaughn* v. *Jonas,* 31 Cal.2d 586 [191 P.2d 432].) Neither error nor prejudice appears in the fact that the information was brought out upon redirect examination instead of upon direct examination. ■ The order of proof was a matter for the court. ■ No error appears with respect to the claimed injection into the case of the element of poverty on the part of the respondent. Aside from any other consideration, this element appeared incidentally in connection with admissible testimony. (*Packard* v. *Moore,* 9 Cal.2d 571 [71 P.2d 922].) ■ The instruction given by the court left it to the jury to consider all of the facts in determining whether or not the making of the plea should be taken as establishing the fact that the respondent admitted he had negligently taken the right of way from the appellants. It may also be observed, in this connection, that the evidence strongly indicates that the controlling matter in this case was with respect to whether or not the appellants were guilty of contributory negligence, and not as to whether or not the respondent had actually stopped at this intersection. No reversible error appears.

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.

Appellants' petition for. a hearing by the Supreme Court was denied July 20, 1955.