■ CLIFFORD MINER, Appellant, v. GEORGE SHERMAN, Respondent.— Judgment and orders unanimously reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: The verdicts are against the weight of the evidence. However, reversal is required for another reason. After the occurrence which caused plaintiff's injuries, plaintiff Miner swore to an information which charged defendant with a violation of section 45 of the Navigation Law of the State of New York, in operating his boat at such a speed as to throw plaintiff Miner's boat upon the shore of the Barge Canal, causing injuries to plaintiffs. Defendant pleaded guilty to this information and paid a fine. This violation constituted an offense punishable by fine. Plaintiffs requested a charge, in substance, that the plea of guilty was an admission against interest and could be so considered by the jury. This request was erroneously denied and an exception was taken. After proof of the plea, the defendant should have been allowed to explain his reasons for pleading guilty and the jurors should have been permitted to determine the probable weight and value the plea was entitled to receive. " Thus when [defendant] pleaded guilty to the traffic infractions charged against him, his plea of guilty amounted to a statement or admission by him that he did the act charged. As such, it should be treated like any other admission or confession, and subject to the same rules relating to its weight and effect." (*Ando* v. *Woodberry,* 8 N Y 2d 165, 168.) (Appeal from judgment of Ontario Trial Term for defendant for no cause of action in an action for damages for personal injuries and for property damage to plaintiff's boat by reason of negligent operation of power boat. The orders denied a motion for a directed verdict and for a new trial.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ LA VERNE TREAT, Appellant, v. GEORGE SHERMAN, Respondent.— Same decision and like cause of action as in companion case of *Miner* v. *Sherman* (12 A D 2d 1001).

■ EDNA LANKES, Appellant, v. LOYAL ORDER OF THE MOOSE, BUFFALO LODGE NUMBER EIGHT, Respondent.— Order reversed on the law and facts and verdict reinstated, with costs. Memorandum: The Trial Judge unequivocally charged the jury that the question to be determined by them was "Did the defendant in this particular case use reasonable care in lighting this stairway". Although erroneous under the facts here presented (*Kimbar* v. *Estis,* 1 N Y 2d 399, 403) this charge became the law of the case by reason of the failure to take exception thereto (Civ. Prac. Act, § 446; *Brown* v. *Du Frey,* 1 N Y 2d 190, 196). The jury resolved the question of negligence as it related to the duty to light the stairway in plaintiff's favor and the verdict should not have been set aside. All concur, except McClusky and Henry, JJ., who dissent and vote for affirmance. (Appeal from order of Erie Trial Term, granting motion by defendant to set aside the jury's verdict in favor of plaintiff and for a new trial, in a negligence action.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.