Merle Eugene PARKER, Appellant,

v.

Vern WALLACE and Hervil M. Gaulding,
Respondents.

No. 53101.

Supreme Court of Missouri,
Division No. 2.

Sept. 9, 1968.

Merle Eugene Parker, Thornfield, pro se.

Clyde Rogers, Gainesville, for respondents.

PER CURIAM:

Plaintiff sued Vern Wallace and Hervil M. Gaulding jointly for the tort of assault and battery against him. The prayer for damages against each defendant was for $1,000 actual and $10,000 punitive damages, a total of $22,000. At the close of plaintiff's evidence the trial court directed a verdict in favor of Gaulding. The jury returned a verdict against plaintiff on his claim against Wallace. For improper argument of defendant Wallace's counsel, as hereinafter set out, the case must be reversed and remanded for new trial as to Wallace. Since plaintiff represented himself in the trial and on this appeal, some of his points are below discussed so as to eliminate those issues and give some guidance in the new trial.

Plaintiff made a motion for summary judgment in his favor which was overruled. He here assigns as error that action by the trial court. At the time of filing of the motion for summary judgment, defendants had filed a general denial of plaintiff's allegations in his petition. The motion asked that "a summary judgment herein be entered in favor of plaintiff on grounds that there is no genuine issue as to any material fact" and that plaintiff "is entitled to judgment as a matter of law." The motion was supported by two affidavits, one of plaintiff asserting the facts of the assault but setting forth nothing of damages, and one of the Magistrate Clerk attesting the record of Wallace's plea of guilty to common assault (the same incident alleged by plaintiff). The court could not properly have entered a general judgment on this motion because the matter of damages was not shown by unassailable proof. The matter of the propriety of the court's action in *overruling* a motion for summary judgment is not an appealable order. See Doehler Metal Furniture Co. v. United States (C.A.2d Cir.), 149 F.2d 130. Upon that ruling, the issues raised by the pleadings are still in the case, and it is upon those issues, when decided and if timely

and properly presented, that an appeal lies. Plaintiff's Point I is overruled.

Plaintiff moved the court to quash the jury panel upon these grounds: "1. Entire panel lacks sufficient educational qualifications to try this case. Only 2 or 3 even finished high school. 2. Entire panel consists of men only. No women on panel, to balance arbitration of case by jury. 3. Entire panel (with only 2 exceptions) are long time natives of Ozark County and will not give plaintiff an impartial trial on the evidence and the law. (Cite State v. Parker—conviction reversed—Mo.App., 378 S.W.2d 274)."

■ Mo.Const.1945, Art. I, § 22(a), V.A.M.S., provides only that the "right of trial by jury as heretofore enjoyed shall remain inviolate; * * *." In Art. I, § 22 (b), it is provided that no citizen shall be disqualified from jury service because of sex, but the court shall excuse a woman who requests exemption. There is no provision in any of the statutes pertaining to the selection and qualifications of jurors (Chap. 494, RSMo 1959, V.A.M.S.) that a high school education is necessary for a citizen to be permitted to serve on a jury. § 494.020(2), RSMo 1959, V.A.M.S., makes ineligible for jury service "Any person who is unable to read, write, speak and understand the English language." No other educational qualifications are specified. In his voir dire examination of the jury panel, plaintiff inquired of some individual veniremen and of the panel as a whole whether they understood the meaning of the terms "punitive or exemplary." Some members of the panel did not know the meaning of those terms, or were not familiar with them, and the panel as a whole was unresponsive to the question so far as the record shows. It is no ground for disqualification of veniremen that at the outset they are unfamiliar with or do not know the meaning of technical legal terms. Such matters are for the court to explain or define upon request therefor by a party. For definition of "legal malice"

as it relates to punitive damages, see Missouri Approved Instructions 16.01, and also 10.01 for the form awarding punitive damages as a punishment and deterrent for willful, wanton or malicious conduct. No request for any such instruction was made in this case.

■ Women are not disqualified from jury service under said constitutional provision or under the statutes. They may request exemption under the general provisions. There is no requirement that women be called as members of a jury "to balance arbitration" of the case.

■ Nothing appears in the voir dire examination of the panel that plaintiff would not receive a fair and impartial trial from the twelve members of the jury selected. None answered that they had any strong friendship for or ill feeling against either or any of the parties which might prejudice him. No prejudice to plaintiff is shown in the failure of the court to quash the jury panel and Point II is overruled.

■■ Plaintiff complains that the court erred in refusing to admit the testimony of G. W. Rogers, the Magistrate, that Wallace's guilty plea to the charge of common assault was accepted and punishment assessed without taking testimony of the injured party (plaintiff) and without offering such injured party an opportunity to testify. He cites § 543.190, RSMo 1959, V.A.M.S., in its pertinent portion that no plea of guilty shall be accepted without giving the injured party notice and an opportunity to be heard. The matter would not be relevant or material to the issue of assault and battery in this civil case as it goes merely to the punishment in a criminal case. At any rate, the requirement of § 543.190 was deleted in the superseding Supreme Court Rule 22.08, V.A.M.R. The court did not err in sustaining the objection to this testimony, and Point III is overruled.

Point IV presents plaintiff's contention that the court erred in permitting Magistrate G. W. Rogers to testify on cross-examination that Wallace had entered his plea of guilty to the charge of common assault because he did not want to spend the time and money to have a trial. Plaintiff had brought out by the direct testimony of Magistrate Rogers that Wallace had pleaded guilty to the charge, a $5.00 fine was assessed which was remitted, and the costs were paid. It is well settled that an explanation of a plea of guilty in a prior criminal case may be made and the reasons for entering the plea may be given by the party himself in a subsequent civil action. 31A C.J.S. Evidence § 381, p. 930; Odian v. Habernicht, 133 Cal.App.2d 201, 283 P. 2d 756; Race v. Chappell, 304 Ky. 788, 202 S.W.2d 626, 628; Rosenblatt v. Percy, 313 Mass. 757, 49 N.E.2d 114; Morrissey v. Powell, 304 Mass. 268, 23 N.E.2d 411, 413, 124 A.L.R. 1522; Finner v. Porath, 221 Mich. 28, 190 N.W. 648; Miner v. Sherman, 12 A.D.2d 1001, 211 N.Y.S.2d 558, 559; Globe & Rutgers Fire Ins. Co. v. Foil, 189 S.C. 91, 200 S.E. 97; Gancy v. Dohna, 25 Conn.Sup. 138, 198 A.2d 66; Yaska v. Swendrzynski, 133 Wis. 475, 113 N.W. 959. See also 5 C.J. Assault and Battery § 131, p. 686; and the discussion in Howard v. Riley, Mo., 409 S.W.2d 154, 156 [1]. Plaintiff's objection and grounds therefor to the testimony, being first sustained, was that "this testimony is irrelevant, immaterial, not germane, your Honor." Defendants' offer of proof was sustained and Judge Rogers was permitted to testify as to Wallace's reasons for entering the plea. Plaintiff then moved that the last testimony of the witness (relative to Wallace's reasons for pleading guilty) be stricken from the record "as irrelevant, incompetent and immaterial, designed to prejudice the minds of the jury and not germane to the issues." The testimony was plainly hearsay, Wallace's statements to the magistrate not being in plaintiff's presence, and was given to prove the truth of the reason for pleading guilty. Plaintiff's objection did not give as a reason that the testimony was hearsay. Upon retrial, and on proper objection, the testimony should not be permitted, but the point as here presented must be overruled.

The court did not err in directing a verdict in favor of defendant Gaulding. There was no evidence that he had anything to do with the alleged assault by way of aiding, abetting, counseling or encouraging Wallace in any way. 6 C.J.S. Assault and Battery § 27, p. 830. Plaintiff testified on cross-examination as to what fact or participation of Gaulding prompted him to file action against him that "A. The fact that he stood and watched the entire or most of the beating take place, acquiesced by not interfering." Such is insufficient to make Gaulding liable. Point V is overruled.

By Point VI, plaintiff contends that the court erred in refusing to accept instructions to the jury offered by plaintiff. The trial began on May 9, 1967, and was therefore governed by the previously adopted Missouri Appoved Instructions. Plaintiff offered no instructions in accordance with MAI requirements. See MAI 23.02. It was not incumbent upon the trial court to prepare instructions for plaintiff in this civil case. See Civil Rule 70.01, V.A. M.R.; Silberman v. Hicks, Mo.App., 231 S.W.2d 283, 286; Samuels v. Illinois Fire Insurance Company, Mo.App., 354 S.W.2d 352, 361. Plaintiff's fifteen-paragraph "Motion as to Instructions to Jury" is mostly concerned with comments upon evidence, abstract propositions of law without reference to the ultimate facts, and for those reasons does not comply with the mandatory directions of MAI. Point VI is overruled.

Counsel for defendant Wallace argued to the jury:

"I want to say something else. He is blaming temper. Temper flared over there and things were done in the heat of temper. Let's see who is the tempestuous person in this case. Here is

Vern Wallace, this is the first instance he has been in court, never been in trouble.

"MR. PARKER: Object, your Honor, I believe counsel is testifying.

"THE COURT: Overruled."

Plaintiff assigns as error the action of the court in overruling his above objection.

Defendant Wallace's version of the incident was: After he completed his shopping at Gaulding's store he took his groceries to his pickup truck in front of the store and saw plaintiff coming to the store. Wallace asked plaintiff what he was doing carrying a gun for his boy, and said, "Do you have your gun on your hip this morning?" Plaintiff then swung at Wallace with a carton of pop bottles and Wallace hit plaintiff. They got down on the ground where blows were struck on both sides. Every time Wallace got a chance where he could he hit him. Plaintiff struck and kicked "and everything else to try to get loose. In a few minutes he went to hollering." Wallace held him there a little while and talked to him: "I don't want you carrying a gun for me and my boy, I don't aim to put up with it."

Plaintiff's factual version was: As he was entering Gaulding's driveway Wallace said to him what sounded like, "have you got your gun with you?" Plaintiff asked Wallace what he said as Wallace's statement caught him by surprise. Plaintiff was heading toward the store with the carton of pop bottles and Wallace reached out and caught plaintiff's T-shirt with one hand and struck him with the other, breaking the frame of his eyeglasses which were snatched off by Wallace. The pop bottles fell out of plaintiff's hand and after throwing the eyeglasses on the ground Wallace reached for a pop bottle which he brought up but which fell out of his hand. Wallace struck plaintiff again while he was on the ground, and altogether about five times.

In view of the conflict in the testimony of plaintiff and Wallace as to which was the aggressor on the occasion of the alleged assault, the objection to the argument was improperly overruled. That it was prejudicial to plaintiff's case is demonstrated by the fact that if Wallace had never been in court, and had never been in trouble, the inference would be that he was a peaceable man, one who would not commit an assault and battery upon another. Ordinarily, evidence of the reputation of a defendant in a civil assault and battery case is not admissible. Vawter v. Hultz, 112 Mo. 633, 20 S.W. 689, 690 [3]; Haley v. Walker, 223 Mo.App. 183, 12 S.W.2d 759, 760 [2, 3]; Lyddon v. Dose, 81 Mo.App. 64; 6 C.J.S. Assault and Battery § 41(3), p. 861. There was not one shred of evidence to support the argument, which went to the heart of plaintiff's case, and for that reason error was committed prejudicial to plaintiff, requiring the grant of a new trial, as patently exceeding legitimate bounds. Beer v. Martel, 332 Mo. 53, 55 S.W.2d 482, 484 [7–10]; Better Roofing Materials Co. v. Sztukouski, Mo.App., 183 S.W.2d 400, 403 [9]; Robbins v. Brown-Strauss Corp., 363 Mo. 1157, 257 S.W.2d 643, 648 [4–6]. As noted, the trial court *overruled* plaintiff's objection (which although stating that "counsel is testifying" is tantamount to stating that the matter was not in evidence). This left the matter for the jury's consideration, and distinguishable is defendants' cited case of Anderson v. Sutton, 316 Mo. 1058, 293 S.W. 770. There the objection to argument was sustained and the appellant was held to have acquiesced in the rulings of the court favorable to him by not asking for the discharge of the jury. See also Brown v. Boyd, Mo., 422 S.W.2d 639.

Other points presented by plaintiff need not be ruled. The judgment is affirmed as to defendant Gaulding, and reversed and remanded for new trial as to defendant Wallace.