Merle Eugene PARKER, Relator,

v.

Hon. Garner L. MOODY, Judge of the 38th Judicial Circuit of Missouri, Respondent.

No. 54575.

Supreme Court of Missouri,
En Banc.

Nov. 10, 1969.

Merle Eugene Parker, in pro. per.

Clyde Rogers, Gainesville, for respondent.

FINCH, Judge.

This is an original proceeding in mandamus. The sole issue presented is the propriety of the action of respondent judge in permitting opposing counsel to select the county to which a case is sent on change of venue taken pursuant to Supreme Court Rule 51.06 (all references are to V.A.M.R.). We issued an alternative writ of mandamus. We now make it peremptory.

Relator herein filed suit for damages in Ozark County. From an adverse judgment on his original trial he appealed to this court, which reversed and remanded for a new trial. Parker v. Wallace, Mo., 431 S. W.2d 136.

Thereafter, pursuant to Rule 51.06, relator filed in the Circuit Court of Ozark County a verified petition for change of venue and change of judge. That application was sustained and, over the objection of relator, the venue changed to Douglas County.

In response to the alternative writ of mandamus and relator's petition for writ of mandamus which the alternative writ incorporated, respondent filed a return which stated merely that in granting the change of venue to Douglas County, respondent had exercised his judicial discretion and hence the writ should be denied. The return did not deny any allegations of the alternative writ or of the petition for mandamus.

Relator's petition for mandamus, after stating that his verified petition for change of venue alleged undue influence of defendant over the inhabitants of Ozark County and over the mind of the judge, then contains the following paragraph:

"3. That relator, in addition, set forth in his petition for change of venue certain unusual facts concerning conditions and circumstances existing within the 38th Judicial Circuit, and more particularly in Douglas County, which joins Ozark County on the north, as follows:

"a. That counsel for the opposite party has knowledge, or a strong belief that he could gain an advantage over Plaintiff by obtaining a change of venue to Douglas County, and that he expressly revealed this fact following the original trial of this cause, during an 'off-the-record' exchange, in the following words: 'I thought Mr. Parker might ask for a change of venue, and if he had, I was going to ask it to be transferred to Douglas County because I understand he has raised hell down there, too.'

"b. That Plaintiff now has pending on appeal to the Supreme Court of Missouri a civil suit in the amount of two hundred and fifty thousand dollars ($250,000.00) against the Chamber of Commerce of Ava, Missouri, members of which include a large number, if not a majority, of the citizens of Douglas County.

"c. That said suit was widely publicized in newspaper and radio accounts throughout all of the counties in the 38th Judicial Circuit and created such widespread controversy that it would be impossible to obtain a jury of twelve completely unprejudiced persons anywhere in the 38th Judicial Circuit."

When the petition for change of venue containing the above allegations was called for disposition, relator again called to the

court's attention the special situation in Douglas County and urged the court to send the case to an adjoining circuit, such as Greene County, containing a more dense population. In response to that request, respondent judge advised relator that it was his custom to permit opposing counsel to choose the county to which the case is to be transferred. The judge then turned to Mr. Rogers, attorney for defendant, and said, "Where do you want it to go, Clyde?" to which Mr. Rogers replied, "Douglas County." Thereupon, the court, over relator's objection, ordered the case transferred to Douglas County, and stated that he would request the Supreme Court to designate a special judge to hear the case in that county.

Supreme Court Rule 51.07 states, in part, as follows: "If notice for a change of venue shall have been given to the adverse party or his attorney of record, as provided in Rule 51.06, the Court or judge, as the case may be, shall consider the application, and, if it be sufficient, a change of venue shall be awarded to some county in the same, adjoining or next adjoining circuit, convenient to the parties for the trial of the case and where the causes complained of do not exist; * * *."

■ The above rule contemplates an exercise of judicial discretion by the trial judge. If the petition for change of venue is found to be sufficient, the judge is directed, under the rule, to send the case to "some county * * * *convenient to the parties* for the trial of the case and *where the causes complained of do not exist.*" (Emphasis supplied.) This rule is specific as to the factors to be considered by the trial judge in deciding where the case should go. The court properly should listen to suggestions by both sides as to both the matter of convenience and those things which might cause a particular county to be one where a fair trial cannot be had. It then becomes the duty of the judge to weigh these suggestions, and having done so, to send the case to a county which he determines is one where "the causes com-

plained of do not exist" and which is "convenient."

■ In this instance, the trial court did not exercise any discretion. Instead, he stated his practice of permitting opposing counsel to select the county to which the case is sent. Such practice delegates any exercise of discretion to opposing counsel and cannot be said to constitute an exercise of discretion by the trial judge. Such practice does not comply with Rule 51.07.

■ Counsel for respondent stated in oral argument that what respondent did in this case is a widespread practice by circuit judges in Missouri. Even if this be true, it does not make the practice correct.

■ We should point out, as respondent correctly stated in his brief, that a party is not entitled under Rule 51.06 to seek a change of venue from more than one county. Rule 51.06 specifically states "* * * that if the removal is asked because of objections to the inhabitants of the county, the application shall not include therein any other county than the one from which the change of venue is asked * * *." However, this provision does not prevent a party seeking the change of venue from pointing out to the judge for his consideration factors in other counties which might make a fair trial therein difficult or impossible. That is what relator did here. His application did not seek a change of venue from any county other than Ozark.

Relator also asserts that under the factual situation here, respondent abused his judicial discretion in sending this case to Douglas County. We need not, and do not, reach or decide that question because we find that respondent herein did not exercise any discretion at all in that he delegated selection of the county to opposing counsel.

■ We hold that respondent should set aside his order of March 4, 1969, entered in the Circuit Court of Ozark Coun-

ty in the cause entitled Merle Eugene Parker v. Vern Wallace, No. 1674, whereby that case was transferred to be heard in Douglas County, Missouri, and should reinstate relator's application for change of venue and change of judge. He then should act thereon, exercising the judicial discretion which Rule 51.07 contemplates, in accordance with the views expressed in this opinion. We direct the issuance of a peremptory writ of mandamus so providing.

All concur except STORCKMAN, J., absent.